Argued October 7, affirmed October 19, 1966

# STATE OF OREGON *v.* DARYL L. GRIFFITH

419 P. 2d 1

*Howard R. Lonergan,* Portland, argued the cause for appellant. With him on the briefs was Fred Jensen, Portland.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief were George Van Hoomissen, District Attorney, and George M. Joseph, Deputy District Attorney, Portland.

Before MCALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

Defendant was convicted of the crime of assault with a dangerous weapon and appealed from the resultant judgment of imprisonment.

Defendant's sole ground of appeal is that he was inadequately represented by counsel, thus depriving him of a fair trial and due process under § 1 of the 14th Amendment to the United States Constitution. He purported to set out by affidavit the respects in which counsel was inadequate. The affidavit is as follows:

"1. I am the defendant herein and make this

affidavit in support of my motion for a new trial and other relief.

"2. On my trial my appointed counsel failed to show bias on the part of Ruby Joe Jones resulting from my reporting the man she was living with as a burglar and causing his conviction and she had threatened to get even with me.

"3. He also failed to show the complaining witness was a narcotic addict.

"4. He also failed to introduce evidence of my groggy condition resulting from the prior stabbing and hitting me and did not file notice of this.

"5. He didn't read the pre-sentence report on me and I was assured by him that I was in no danger and it wasn't necessary to have an active defense. As to the pre-sentence report I don't know whether it was correct or truthful.

"6. He also failed to show the criminal record of the complaining witness and his violent prior acts such as shooting a person previously.

"7. He advised me to waive examination, why I don't know. He didn't bring out Goodspeed said it was an accident."

It is apparent that most of the statements contained in the affidavit are insufficient to raise any question of counsel's inadequacy. The affidavit does not state that the things that counsel failed to show in fact existed, or that counsel was or should have been aware that they existed. Subsection 7 of the affidavit which alleges defendant was advised by counsel to waive examination is an exception. However, it does not state the kind of examination nor is this information otherwise made apparent to the Court. It certainly does not refer to defendant's testimony in his own behalf as he took the stand and testified at length. Defendant also alleges his attorney did not read the pre-sentence investigation. If this was his privilege,

it was irrelevant as both court and counsel stated that defendant had no previous criminal record and it is apparent from the trial judge's remarks that his basis for the sentence of seven years was the aggravated circumstances of the assault and the extreme injuries to the victim.

■ Defendant complains that this court's decision in *Benson v. Gladden,* 242 Or 132, 407 P2d 634 (1966), tends to prevent the use on appeal of the contention that trial counsel was inadequate thus depriving an appealing defendant of his federal constitutional rights. *Benson v. Gladden* was not intended as counsel construes it. Inadequacy of counsel at the trial level so serious as to amount to a denial of counsel may always be raised upon appeal in this court. It has been so raised in this case.

■ Not desiring to be content with the obvious inadequacies of defendant's affidavit, we have examined the record. It shows that defendant received an active and adequate defense by counsel, who is known to this court to have 25 years trial experience involving a high percentage of criminal cases.

The judgment of the trial court is affirmed.