Argued December 6, 1966, affirmed January 18, petition for
rehearing denied January 31, 1967

## STATE OF OREGON *v.* WILFORD DEAN HILL

422 P. 2d 675

*Glenn D. Ramirez,* Klamath Falls, argued the cause
for appellant. With him on the briefs were Ramirez &
Hoots, Klamath Falls.

*Sam A. McKeen,* District Attorney, Klamath Falls,
argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry,

Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction for the crime of burglary not in a dwelling.

Defendant is charged with breaking and entering the City Store in Chiloquin, Oregon. The store was burglarized at approximately 1:45 a.m. on October 27, 1965. A case of wine and a case of beer were taken. At 2:00 a.m. Officer Creel received a telephone call informing him that the store had been burglarized. He immediately made an investigation and learned: (1) that a prying tool had been used to open the window of the store; (2) that the persons who broke into the store had driven away in a red sports car, and (3) that there were four persons involved in the burglary. At 2:35 a.m. Officer Creel observed the defendant and three others in a red sports car entering the city of Chiloquin. He arrested them for the violation of a Chiloquin ordinance described in the record simply as an ordinance prohibiting "late and unusual hours."[1] In the course of this arrest Creel observed a tire tool on the floor in the rear seating compartment of the automobile. On the tire tool was a strip of paint such as would appear on a tool used to pry open a window. The tool was observable by Creel without any necessity of making a search of the automobile. Defendant and his companions were taken to the police station where they arrived at 3:00 a.m. Upon arrival at the police station they were informed that they were charged with the crime of burglary.

---

[1] No question is raised as to the validity of the ordinance or the arrest for the violation of the ordinance.

Creel testified that "when we got to the police station they were booked and lodged and searched, the car was searched." At that time the tire tool was seized.

■ Defendant assigns as error the introduction into evidence of the tire tool over objection. The tool was seized as an incident to the arrest for the crime of burglary. At the time of the arrest and seizure the officer had probable cause to believe that defendant had committed the crime of burglary. The similarity in color of the automobile used by the burglars and the color of the automobile in which defendant was riding, and the presence of the tire tool with its paint markings constituted sufficient facts to establish probable cause.

■ After defendant and his companions had been brought to the police station they were advised of their rights defined in the *Escobedo* and *Miranda* cases.[2] Thereafter, one of them made an admission which was overheard by Creel. It is alleged that error was committed in failing to sustain defendant's objection to the testimony of Creel relating to the admission. The admission was made without any interrogation by the police. It was therefore, not only voluntary but volunteered. There is no constitutional principle which renders such evidence inadmissible.

The other assignments of error are equally without merit.

The judgment is affirmed.

---

[2] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L ed2d 694 (1966); Escobedo v. Illinois, 378 US 478, 84 S Ct 1758, 12 L ed2d 977 (1964).