Argued October 30, affirmed November 21, 1969

## STATE OF OREGON, *Respondent, v.*
## CRAIG MARTIN CAMERON,
### *Appellant.*
461 P. 2d 529

*Kenneth C. Hadley,* Deputy Public Defender,

Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*William N. Wallace,* District Attorney, Gold Beach, argued the cause and filed the brief for respondent.

BRANCHFIELD, J.

Defendant was indicted on a charge of burglary not in a dwelling. He waived his right to a jury trial, was tried before the court and found guilty.

This appeal challenges the affidavit upon which a search warrant was based, and the introduction of the evidence seized pursuant to the warrant. The warrant was issued on the strength of an affidavit made by a deputy sheriff on March 12, 1968, which described two small statues which had been seen by the deputy in an apartment when he conducted a search for another purpose on February 13, 1968. The statues, along with beer and sandwiches, had been stolen from the 101 Tavern and Cafe south of Brookings on the early morning of February 7, 1968.

The defendant did not move to suppress the evidence seized pursuant to the search warrant, nor did he object to the introduction in evidence of the two small statues, referred to in the briefs as "knick-knacks".

Questions not raised and preserved in the trial court are not to be considered on appeal. The defendant must make his objections known to the trial court. *State v. Baker,* 242 Or 207, 408 P2d 928 (1965); *State v. Abel,* 241 Or 465, 406 P2d 902 (1965). A motion to suppress must be made prior to a trial unless the defendant is unaware of the seizure. *State v. Sanford,* 245 Or 397, 421 P2d 988 (1966).

■ The defendant indicates his awareness of the rules above referred to, but says that a new principle of law was enunciated in Oregon in the cases of *State v. Ingram,* 251 Or 324, 445 P2d 503 (1968), and *State v. Scheidemann,* 252 Or 70, 448 P2d 358 (1968), decided after the trial of this case. In *Ingram,* a delay of one month in obtaining a warrant to search for heroin was held to be unreasonable; and in *Scheidemann* 34 days was declared to be too long. Defendant claims the issue of delay could not have been raised at the time of trial, because the principle of law was newly announced at a later date. That argument is not available to the defendant. While *Ingram* and *Scheidemann* may have been the first cases in Oregon where the Supreme Court was required to decide whether information was too stale to support the search warrant, numerous cases in other jurisdictions had reached the same result. Cases prohibiting unreasonably long delay in seeking a search warrant are cited in 162 ALR 1406. Some of the cases mentioned in that annotation were decided in the 1920's. A more recent annotation appears in 100 ALR2d commencing at page 522.

If the defendant thought there was an unreasonably long delay in seeking a search warrant, it was his duty to bring his objection to the attention of the trial court.

The decisions in *Ingram* and *Scheidemann* did not deal with a newly discovered constitutional principle, as was the case in *State v. Clifton,* 240 Or 378, 401 P2d 697 (1965).

■ Our disposition of this case makes it unnecessary for us to review the affidavit of probable cause and the search warrant. A copy of the affidavit is contained in defendant's brief. Except for that copy,

we do not have either document. In any case which challenges a search warrant, it and any other papers essential to a decision must be included in the record. It is the duty of counsel to make an appropriate designation of the record on appeal, and to make certain that our record contains everything necessary for us to review the questions raised. *State v. Skrelunas,* 1 Or App 182, 460 P2d 826 (1969).

The judgment is affirmed.