Argued January 23, affirmed February 5, 1970

STATE OF OREGON, *Respondent, v.*
AUGUSTA JUNIOR AUSTIN,
*Appellant.*
465 P. 2d 256

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and Jacob
B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and
FOLEY, Judges.

FOLEY, J.

Defendant was found guilty by a jury of attempted
burglary. He appeals claiming violation of his con-
stitutional right against self-incrimination.

Defendant was arrested near the scene of a re-
ported burglary. He was twice given the *Miranda*
warnings (*Miranda v. Arizona*, 384 US 436, 86 S Ct
1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966)), and he
declined to say anything. Five or ten minutes later,
after defendant had been booked, an officer asked him
if he wanted to make a phone call. The officer testi-
fied that he answered by saying that he did not, and
then proceeded to volunteer to the policeman "that
we 'had him' that he knew that he had done wrong
by breaking into the Pastime * * *." This state-
ment by defendant was admitted in evidence over
defendant's objection and he assigns this as error.

■■ If an accused indicates at any time prior to or
during questioning that he wishes to remain silent,
the interrogation must cease. *Miranda v. Arizona*,
supra. However, "Volunteered statements of any kind
are not barred by the Fifth Amendment * * *."
*Miranda v. Arizona*, supra, 384 US at 478; *State v.
Joseph*, 252 Or 610, 451 P2d 468 (1969); *State v. Hill*,
245 Or 510, 422 P2d 675 (1967).

■ Here the question asked defendant was not de-
signed to elicit incriminating evidence but to remind

defendant of one of his rights. The incriminating part of his answer was not responsive to the question and was purely voluntary. There was no error in admitting the statements.

Affirmed.