Argued January 19, affirmed March 5, petition for rehearing denied April 7, 1970. Petition for review denied by Supreme Court May 19, 1970

## STATE OF OREGON, *Respondent, v.*
## DONNY RAY BROTHERTON,
### *Appellant.*
465 P2d 749

158

Ken C. Hadley, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jim Russell, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Jacob B. Tanzer, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

## BRANCHFIELD, J.

This is an appeal by the defendant from a judgment of conviction for illegal possession of marihuana.

The defendant was a prisoner at Rocky Butte jail, working as a trusty in the Record Management Division of Multnomah County. On the afternoon of No-

vember 9, 1967, the odor of burning marihuana was detected in the area where the defendant had been working. When the Supervisor of the record division, Deputy Frank Clark, went to investigate, he found the defendant and said, "Give me the stuff." The defendant denied knowledge of the whereabouts of any marihuana, and the inquiry was not pursued. As Deputy Clark began to walk away, the defendant testified (on the motion to suppress) that he changed his mind and "decided to give it to him." The substance given by him to the deputy was subsequently determined to be marihuana.

The defendant was placed in the custody of two sheriff's deputies and removed to the Multnomah County Courthouse. He was there warned of his constitutional rights, as required by *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966). The defendant responded that he understood his rights and did not wish to answer any questions. As a result, no further questions were asked, and the defendant sat in silence, awaiting the arrival of other officers to escort him to a cell. After 15 or 20 minutes had elapsed, the defendant suddenly said, "I'll tell you what happened," and then proceeded to give both oral and written statements which were introduced in evidence at his trial.

■■ Defendant's first assignment of error is that the trial court erred in not suppressing the marihuana which was obtained from the defendant without first warning him of his constitutional rights. He contends that his Fifth Amendment privilege against self-incrimination was infringed because he was, in effect, compelled to testify against himself by surrendering the bag of marihuana. The Fifth Amendment privilege which the defendant seeks to invoke does not prohibit

160

all forms of self-incrimination but rather it protects an accused only from being compelled to testify against himself, "* * * or otherwise provide the State with evidence of a *testimonial or communicative nature, * * *.*" *Schmerber v. California,* 384 US 757, 761, 86 S Ct 1826, 16 L Ed 2d 908, 914 (1966). (Emphasis supplied.) The act of giving the evidence to Deputy Clark was a physical response, non-testimonial in nature.

■■ The defendant was incarcerated in Rocky Butte jail. It has long been the rule that "[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnson,* 334 US 266, 285, 68 S Ct 1049, 92 L Ed 1356 (1948). A jail shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. *Lanza v. New York,* 370 US 139, 82 S Ct 1218, 8 L Ed 2d 384 (1962). Prison authorities may subject inmates to institutional searches unimpeded by Fourth Amendment barriers. *Spillers v. State,* Nev #5250, 436 P2d 18 (1968); *People v. Chandler,* 262 Cal App 2d 350, 68 Cal Rptr 645 (1968). Voluntary surrender of the evidence by the defendant does not render inadmissible that which would have been admissible had it simply been taken from him without ceremony.

Defendant's second assignment of error is that the illegality surrounding the seizure of the marihuana so influenced his subsequent oral and written statements as to render them involuntary and inadmissible. Our decision that the actions of the deputy were not improper obviates the need for a further discussion of this point. Defendant's statements are not inad-

missible on this ground. In addition, the failure of defense counsel to make an appropriate objection during the trial to the admission of the statements on the above grounds justifies a refusal to review it on appeal. *State v. Cameron*, 1 Or App 247, 461 P2d 529 (1969).

■ Defendant's final assignment of error is that his confession, made while in the custody of two deputy sheriffs at the Multnomah County Courthouse, was the involuntary product of a coercive atmosphere and should not have been admitted in evidence at his trial. The defendant was warned of his constitutional rights upon his arrival at the courthouse. The adequacy of the warning is not disputed. He stated that he understood his rights and declined to answer any questions. At that point all questioning ceased. Approximately 15 or 20 minutes later, the defendant voluntarily confessed.

The defendant argues that this short stay in the office of his accusers was a subtle form of coercion which resulted in an involuntary confession. We do not agree. The statements were not the result of custodial interrogation. Thus they were not only voluntary but volunteered. There is no constitutional principle which renders such evidence inadmissible. *State v. Hill*, 245 Or 510, 422 P2d 675 (1967). In *State v. Joseph*, 252 Or 610, 451 P2d 468 (1969), the defendant similarly claimed that a statement, which he initiated after he had been warned of his rights and had refused to answer questions, was involuntary. The court found that the statements were admissible, and held that:

"* * * Volunteered statements not the result of any questioning or inducement are admissible

even though the requirements of *Miranda* have not been fulfilled."

There was complete absence of compulsion which would invalidate the reception of the statements into evidence. Accordingly, the judgment is affirmed.