## STATE OF OREGON, *Respondent, v.*
## MARVIN DEE CHRISTMAS,
### *Appellant.*
465 P2d 748

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Defendant was convicted by a jury of assault and robbery while armed with a dangerous weapon and received a sentence not to exceed 25 years. Rogoway Jewelers in Portland, Oregon, was robbed of a large quantity of diamonds and jewelry by defendant and another. To facilitate the robbery defendant pointed a pistol at the watchmaker in charge of the store.

Defendant was arrested in Tulsa, Oklahoma, and charged in federal court with transporting stolen goods in interstate commerce. There he made incriminating statements regarding the jewels and gun found in his possession. Defendant states he made these incriminating statements because his wife and brother told him the Oklahoma police threatened to arrest them for receiving and concealing stolen property.

Later, in Portland, defendant confessed to a detective of the Portland Police Department and testified in his trial on cross-examination that he committed the robbery.

"Q And you committed this robbery, did you not, sir?

"A Yes, I did."

He appeals, claiming his concern for his wife, children, and brother caused him to confess to his participation in the robbery and thus his confession was not voluntary.

There is no indication of any threats directed toward the obtaining of a confession or attributable to any of the interrogating officers. The trial court held a preliminary *in camera* hearing on the voluntariness of the statements made by defendant to the detective and made the determination that the statements were admissible. Defendant's counsel agreed with this finding. The statements were then admitted into evidence during the trial. No objection was made to their introduction.

> "It has always been the rule in this state that a question not raised and preserved in the trial court will not be considered on appeal, *State v. Braley,* 224 Or 1, 9, 355 P2d 467 (1960), and cases there cited * * *." *State v. Parejo,* 253 Or 468, 470, 455 P2d 605 (1969).

*State v. Cameron,* 1 Or App 247, 461 P2d 529 (1969).

There is nothing in this case to warrant looking for an exception to the rule.

Affirmed.