Argued March 19, affirmed May 14, petition for rehearing
denied June 9, 1970, Petition for review denied by
Supreme Court July 21, 1970

STATE OF OREGON, *Respondent, v.* WESLEY
THOMAS WHITELOCK, *Appellant.*

469 P2d 37

*Gary D. Babcock*, Public Defender, Salem, argued
the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

PER CURIAM.

■ Defendant was indicted for assault with a dangerous weapon. After pleading not guilty and giving notice of his intent to rely on the defense of insanity, he was tried, found guilty and sentenced to five years' imprisonment. He appeals claiming the trial court erred in allowing the introduction of certain evidence.

After his arrest defendant was taken to a hospital by the arresting officer, advised of his constitutional rights, and asked if he wished to make a statement. He replied, "Hell, no. Do you think I am crazy?" The prosecution introduced the above response of defendant at the trial both in the examination of the arresting officer and in hypothetical questions to expert witnesses in relation to defendant's mental condition. No objection was made to the use of defendant's comment at the trial. Now defendant urges as error the allowance in evidence of this statement.

Since no objection was made to the introduction of this evidence, there is no ruling by the trial court properly reviewable for error, and thus there is nothing to be considered on appeal. *State v. Baker*, 249 Or 549, 553, 438 P2d 978 (1968); *State v. Christmas*, 2 Or App 46, 465 P2d 748 (1970). For this reason it is unnecessary to examine the prosecutor's claim that the evidence would have been admissible over objection on the issue of defendant's mental condition where insanity was urged as a defense.

■ Defendant's other assignment of error is that a unanimous verdict is required. The Supreme Court has ruled otherwise. *State v. Gann*, 254 Or 549, 463 P2d 570 (1969).

Affirmed.