Argued June 17, affirmed July 30, petition for rehearing denied
September 8, petition for review denied October 6, 1970

## STATE OF OREGON, *Respondent, v.*
## RONALD WAYNE LARSON,
### *Appellant.*

472 P2d 829

*J. Marvin Kuhn*, Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

■ The defendant was tried before a jury and convicted of the crime of burglary in Lincoln County. He appeals, contending in his first assignment of error that he was entitled to a unanimous jury verdict and that the trial court erred in instructing the jury that in reaching a verdict the agreement of ten of their number was necessary. This issue was decided adversely to the defendant's contention in *State v. Gann*, 254 Or 549, 463 P2d 570 (1969).

■ Defendant's second assignment of error is that the court erred in admitting into evidence certain incriminating statements made by the defendant at a time when he had not been warned of his constitutional rights in accordance with *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966). This contention is likewise without merit. At the time defendant made the incriminating statements, five months after his arrest and release on bail on the charge before us, he was talking to police officers in Eugene, Oregon, about an unrelated crime for which he was not a suspect. The statements were not the product of a custodial interrogation. They were made voluntarily and were therefore properly admitted at defendant's trial. *State v. Brotherton*, 2 Or App 157,

465 P2d 749 Sup Ct *review denied* (1970); *State v. Joseph,* 252 Or 610, 615, 451 P2d 468 (1969); *State v. Travis,* 250 Or 213, 441 P2d 597 (1968).

Affirmed.