Argued October 26, affirmed December 3, 1970

STATE OF OREGON, *Respondent, v.*
DAYMOND LEE MONTEITH, *Appellant*

477 P2d 224

*Sam A. McKeen,* Klamath Falls, argued the cause and filed the briefs for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Defendant appeals from his conviction for unlawful possession of narcotic drug for which he received a two-year sentence. Defendant's principal claim of error is the failure of the court to suppress evidence taken under a search warrant which defendant claims was defective and was executed in an unreasonable manner.

Paul Wood, a member of the Klamath Falls Police Department, had been operating as an undercover investigator in order to obtain evidence relative to drug use and possession in the area. For this purpose he wore a beard and long hair and used the fictitious name John Henderson. During the course of his investigation he had become acquainted with defendant, a 19-year-old, and other Klamath Falls youths.

On February 14, 1969, pursuant to a search warrant, Officer Wood, who was not in uniform, and at least two other officers went to the premises described in the warrant. Officer Wood testified that while the other officers waited nearby he approached the front door. He stated that he knocked on the door, was asked who was there, and replied, "John"; that someone inside, whose voice he did not recognize, said, "Come in." He stated he then entered and saw defendant seated alone at a table in the kitchen. Directly in front of defendant and within his reach was "the marijuana lying on the table." Officer Wood testified he then asked if he could purchase some of the marihuana and was told by defendant Monteith "that they didn't have enough to sell." At this point, two or three minutes

after Officer Wood's entry, the other officers including Sgt. Lilly and Officer Masten entered. Sgt. Lilly testified that the purpose of the delay between Officer Wood's entry and his entry was to prevent the destruction of evidence. The search of the premises was then consummated and the defendant and five other occupants were arrested.

Sgt. Lilly, who had seized the vegetable material on the table, also seized three lids of marihuana found in the pocket of a jacket hanging on the back of a chair in the kitchen a few feet from where defendant had been sitting. Sgt. Lilly testified he placed the jacket in a box by the door with other evidence items seized. Lilly further testified that defendant, after he was arrested and informed he was to be taken to the police station, asked, "What about my jacket?" and stated that it was cold outside. Lilly gave him the jacket he had just placed in the box, which was the only jacket the officer had seized, and defendant wore it to the police station where it was resecured as evidence. Lilly also testified that he had seen defendant Monteith wearing a similar coat on another occasion.

Prior to trial defendant moved to suppress the evidence seized pursuant to the search warrant on the grounds that (1) the affidavit in support of the warrant did not state sufficient facts to establish probable cause, and (2) the warrant was executed in an unreasonable manner in that the officers had not complied with the "knock and announce" rule. The trial court, after hearing, denied the motions to suppress.

■ The search warrant was issued February 14, 1969. The supporting affidavit recites that the affiant observed hashish and apparatus for smoking hashish and marihuana on the premises in question on February 6,

1969. The affidavit also recites that a named resident of the premises sold affiant a quantity of hashish on January 25, 1969; that persons known by affiant to use marihuana are frequent visitors to the premises; and, that the premises, to the personal knowledge of the affiant, are frequently used for parties at which unlawful drugs are used. Reading the facts set forth in the affidavit in a common-sense manner, the magistrate would be entitled to conclude that the resident of the premises named in the affidavit had a continuing involvement with narcotic drugs, and that there was a probability of a continuing presence of narcotics on the premises. Under these circumstances the eight days which elapsed between the last observation recited in the affidavit and the issuance of the search warrant was not unreasonable and did not preclude the magistrate from finding that probable cause existed for a search of the premises. See *State v. Spicer,* 254 Or 68, 456 P2d 965 (1969); *State v. Spicer,* 3 Or App 120, 473 P2d 147 (1970); *State v. Evans,* 1 Or App 489, 463 P2d 378 (1970).

■ Through clerical error the search warrant recited incorrectly that affiant had observed hashish and smoking apparatus on the premises to be searched on *January 6, 1969,* rather than February 6, 1969, as averred in the affidavit. Defendant contends that there is a fatal variance between the affidavit and the search warrant. He mistakes the functions of the two documents. The purpose of the affidavit is to set forth the facts upon which a magistrate may find that probable cause exists to issue the search warrant. The function of the warrant is to command and authorize the police to search the person or place designated therein. The recital in the search warrant as to the date on which

the certain event was observed is not necessary to the warrant's efficacy and may be disregarded as surplusage.

Defendant claims that the execution of the search warrant was in violation of the "knock and announce" rule and thus was unreasonable, and also the conduct of the police after entry into the house was unreasonable because at one point during the search Officer Wood, as he admitted, removed his revolver from his belt and, according to defendant, pointed the gun at some of the occupants of the house, which Wood denied.

Defendant cites *Sabbath v. United States*, 391 US 585, 88 S Ct 1755, 20 L Ed 2d 828 (1968), which sets forth the "knock and announce" rule, as authority for suppressing the evidence procured by the search. There the United States Supreme Court excluded evidence (narcotics) seized by federal agents who, to effect an arrest without a warrant, knocked but did not announce their identity and purpose before forcibly entering a suspect's apartment. *Sabbath* points out that before force is used to gain entrance, even though it amounts only to opening an unlocked door, the officers must announce their authority and purpose. See also *State v. Cortman*, 251 Or 566, 446 P2d 681 (1968), cert den 394 US 951, 89 S Ct 1294, 22 L Ed 2d 487 (1969).

Stealth and stratagems may be used by the police to gain entrance and, so long as no force is involved, the officers need not announce their authority and purpose. Creamer, The Law of Arrest, Search and Seizure 67 (1968). The use of deception to gain entry to premises to execute a warrant was recently considered by the United States Court of Appeals for the Ninth Circuit in *Ponce v. Craven*, 409 F2d 621 (9th

Cir 1969), cert den 397 US 1012, 90 S Ct 1241, 25 L Ed 2d 424 (1970), where the court said:

"* * * The employment of a ruse which results in the occupant of a dwelling voluntarily opening the door and thereby allowing officers to enter without announcement of purpose, is not a breaking and, therefore, not violative of California arrest law. The California Court of Appeal held that the police entry in this case was not unlawful merely because a ruse was employed. People v. Ponce, Crim. No. 10651 (Ct. of App. 2d Dist., filed June 20, 1966) (unpublished).

"People v. Quilon, 245 Cal.App. 2d 624, 628, 54 Cal.Rptr. 294, 298, (1966) states the rule:

" '[C]onstitutionally proscribed trickery is that in which an officer obtains entry by subterfuge to a place where he has no right to be. Stratagem in itself is not illegal; it may be used, for example, to gain entry in order to effect a lawful arrest.'

"* * * * *

"The same rule has been applied in interpreting the analogous federal statute, 18 U.S.C. § 3109, without running afoul of the Fourth Amendment. Dickey v. United States, 332 F. 2d 773, 778 (9 Cir. 1964), cert. denied 379 U.S. 948, 85 S. Ct. 444, 13 L. Ed. 2d 545 (1964); Leahy v. United States, 272 F. 2d 487, 489 (9 Cir. 1959), cert. dismissed 364 U.S. 945, 81 S. Ct. 465, 5 L. Ed. 2d 459 (1961).

"The manner in which the police entered Ponce's motel room and his subsequent arrest are not violative of California law or the United States Constitution." 409 F2d at 626.

In the present case, the stratagem employed to gain entry by invitation—the use of the police officer in his role as an acquaintance of the defendant and the other occupants of the house—was permissible.

■ We find no merit in defendant's contention that the search should be vitiated because of Officer Wood's

action in displaying his hand gun while he was searching about the house for persons for whom the police had arrest warrants.

■■ Defendant also assigns as error the failure of the trial court to allow his motions for acquittal and directed verdict because he claims there was insufficient evidence of possession by the defendant. In passing upon the denial of these motions, this court should view the evidence in the light most favorable to the state. *State v. Klutke*, 245 Or 302, 303, 421 P2d 956 (1966); *State v. Livingston*, 2 Or App 587, 589, 469 P2d 632 (1970); *State v. Shipman*, 2 Or App 359, 463 P2d 921 (1970). Defendant in his reply brief refers to his statement to Officer Lilly, "Well, what about my coat? It is cold outside." Defendant argues that his action in taking the coat handed him by the officer was not an admission of ownership of the coat, but if it were, then defendant's act in accepting the coat and wearing it was the equivalent of a custodial confession without his having been advised of his *Miranda*① rights, and, therefore, testimony of the action was improperly admitted. Volunteered statements of a criminal defendant, not made in response to custodial interrogation, are admissible in evidence. *State v. Joseph*, 252 Or 610, 615, 451 P2d 468 (1969); *State v. Brotherton*, 2 Or App 157, 465 P2d 749, Sup Ct *review denied* (1970); *State v. Austin*, 1 Or App 556, 465 P2d 256 (1970). The officer's furnishing the coat was not interrogative in nature and defendant's action in accepting and wearing it is no less voluntary than his volunteered oral statement.

■ The evidence previously recapitulated, including

---

① Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

the episode concerning the jacket, provided sufficient basis for the jury to have concluded that defendant knowingly was in possession of the marihuana taken from the jacket and that he was guilty of the crime as charged. Proof of possession can be by circumstantial evidence. *State v. Williams*, 253 Or 646, 456 P2d 489 (1969).

There is no merit to defendant's other assignments of error, which were: (1) denial of motion for mistrial, and (2) denial of motion for change of venue. Discussion of them would serve no useful purpose.

Affirmed.