Argued April 19, affirmed May 13, 1971

STATE OF OREGON, *Respondent, v.*
ROY EUGENE BENNETT, *Appellant.*

484 P2d 1111

*Phil Cass, Jr.*, Eugene, argued the cause for appellant. With him on the brief were Riddlesbarger, Pederson, Brownhill & Young, Eugene.

*James L. Carney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction by the court of attempted malicious injury to property by explosive. ORS 164.830. He contends (1) his motion for a new trial which was based on newly discovered evidence should have been allowed; and (2) he was deprived of effective assistance of counsel.

On the night of August 30, 1968, someone planted a stick of dynamite in Lane County Democratic Headquarters. When the dynamite was found the next morning, the fuse had partially burned, leaving about four inches of ash. Evidence placed defendant near the building in the late afternoon of the pre-

ceding day. His fingerprints were on the transom of the door to the room where the dynamite was placed. Subsequently, dynamite of the same deteriorated type, age, and make was found in a basement where defendant occasionally slept. The defendant admitted to police his ownership of the dynamite in the basement and stated the dynamite used in the crime may have come from that supply. The trial court found this statement to have been voluntarily made, and received it.

Defendant, through an attorney appointed to represent him on appeal, claims that after the trial it was discovered that he was suffering from a mental disorder and that this is newly discovered evidence requiring a new trial under ORS 17.610 (4).

Before trial, defendant's first-retained counsel was allowed to withdraw because defendant was uncooperative. Another attorney was retained. Jury trial was waived. After the court found defendant guilty, the second attorney filed a motion for an examination to determine if defendant was capable of assisting in his defense. After a hearing, at which some psychiatric testimony was taken, the court found defendant was capable of assisting in his defense at the time of the trial. A motion for a new trial, supported by an affidavit of the trial attorney as to mental disturbance, was then filed.

Two psychiatrists testified, and although some of the evidence they gave indicated there was a mental disorder, they agreed he was able to assist in his defense.

■ ■ ■ A principal point in defendant's contention under the first assignment is that the evidence of defendant's mental condition could have affected the

admission of the statements he made to the police. This point was not raised during the hearing on the motion for a new trial. A question not raised in the trial court will not be considered on appeal. *State v. Christmas*, 2 Or App 46, 48, 465 P2d 748 (1970).

■ The tests of what constitutes newly discovered evidence are not met in this case.

"* * * Any application for new trial must meet the first three requirements: (1) (probably change the result), (2) (discovered since trial) and (3) (could not have been discovered before the trial by due diligence) * * *." *State v. Williams*, 2 Or App 367, 372, 468 P2d 909 (1970).

Obviously, the third requirement is not met. Defendant's counsel was aware of the defendant's lack of cooperation and the affidavit he filed demonstrated that any mental condition that existed could have been discovered with due diligence.

The trial judge's statements made at the close of the hearing on the motion for a new trial to the effect that he had observed defendant from his first court appearances, and considered him mentally capable, indicate that the result of the trial would not have been different if defendant had raised the question of mental capacity before or during trial.

Defendant also claims under this assignment that there was an irregularity in the proceedings, but we find none.

■ ■ Defendant claims that trial counsel was incompetent for not discovering the question of mental capacity and presenting it to the court during the trial. The question of inadequacy of counsel if so serious as to amount to a denial of counsel sometimes may be raised on appeal. *State v. Griffith*, 244 Or

520, 523, 419 P2d 1 (1966). But what we have already said indicates that such a situation did not exist in this case. Trial counsel presented a vigorous defense in a protracted and hard-fought trial. The record reflects competence of counsel.

Affirmed.