Submitted July 30, affirmed September 21, petition for rehearing
denied September 30, petition for review denied
November 3, 1971

ROGER ALLEN BROOKS, *Appellant, v.*
CUPP, *Respondent.*
488 P2d 804

Roger Allen Brooks, *in propria persona,* for appellant.

Jim G. Russell, Assistant Attorney General, Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem, for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

## LANGTRY, J.

Petitioner appeals from dismissal of his petition for writ of mandamus (ORS 34.110, 34.120) seeking to require the Superintendent of Oregon State Penitentiary to discontinue "present censorship practices which are in violation of the rights of the 1st and 4th Amendment of the U. S. Constitution," alleging in particular:

> "1. The defendant does not allow correspondance [sic] without first acquiring written permission from petitioner to censor all incoming and outgoing mail of petitioner.
>
> "2. The defendant further violates the petitioners rights by taking outgoing mail and having copies made of same to be placed in a file.
>
> "3. The defendant does in fact censor all incoming and outgoing mail."

Petitioner is serving a life term in the Oregon State Penitentiary. As a supplement to his petition he has attached a copy of the correspondence rules applying to inmates which includes:

> "Regular c o r r e s p o n d e n c e from relatives, friends, and other persons in the community who have a right or could be influential in helping an inmate adjust to a law-abiding life upon release is essential. Therefore, and in accordance with regu-

lations approved by the Superintendent, inmates may exchange correspondence with any person, provided such correspondence does not violate the rights and interests of others.

"Procedures governing all correspondence are as follows:

"1. To qualify for correspondence privileges, an inmate must agree to authorize the Superintendent, or his designated representatives, to inspect all mail both incoming and outgoing, with the following exceptions:

"(a) Any mail exchanged with elected State Officials;

"(b) Any mail exchanged with courts;

"(c) Any mail exchanged with attorneys; and

"(d) Any mail exchanged with Corrections Division Central Office Administrative staff.

"(Any mail to or from the aforementioned sources (a through d) will be forwarded without being opened. If, however, the mail room officer feels that the origin is suspect and therefore contain contraband items; these letters may be opened *in the inmate's presence.*)

"* * * * *"

The Attorney General asserts that if petitioner has a grievance he has chosen the incorrect remedy. With this we agree. *Newton v. Cupp,* 3 Or App 434, 474 P2d 532 (1970). However, petitioner is appearing as his own attorney.

In *Roberts v. Pegelow,* 313 F2d 548, 550 (4th Cir 1963), the court said:

"* * * Unlearned inmates of penal institutions * * * are usually ignorant of the legal niceties of the procedural rules in the courts. If one presents

in his own behalf a petition which clearly merits some relief, he ought not to fail entirely because he misconceives the nature of the proceeding or mislabels his petition. * * *"

The court then proceeded to consider the substance of the petitions there being considered and concluded that they had properly been dismissed in the lower court. We will consider the substance of petitioner's complaints in this matter, but do not consider this action as setting a precedent for other cases.

Petitioner relies principally upon the opinion in *Palmigiano v. Travisono,* 317 F Supp 776, 785 (D RI 1970). The opinion there concerned a petition for a temporary injunction against a prison official pending a hearing of the matter by a three-member court. The circuit judge first noted that, "* * * the plaintiffs * * * are in the awaiting trial section * * * and must be presumed innocent * * *." After discussing precedents and the facts in that case the court held that unrestricted censorship of prisoner mail is a violation of the free speech guarantees of the First Amendment and the unreasonable search and seizure provision of the Fourth Amendment to the United States Constitution.

In the latter respect, we note some apparent conflict between that decision and our opinion in *State v. Brotherton,* 2 Or App 157, 465 P2d 749, Sup Ct *review denied* (1970), wherein we said that prison authorities may subject inmates to searches unimpeded by Fourth Amendment barriers, although the facts of the two cases are sharply distinguishable.

The district court's opinion in *Palmigiano* is broader in its sweep than appears to be justified by contemporary opinions of the 4th and 2nd United

States Circuit Courts of Appeal. In *McDonough v. Director of Patuxent,* 429 F2d 1189 (4th Cir 1970), speaking specifically of a prisoner's right of access to the courts, the court said:

> "* * * In *Coleman* (362 F2d 905), we held that undelayed, uncensored, unlimited use of the mails was necessary to secure the right. * * *" 429 F2d at 1192.

The court thus limited its holding to correspondence with courts. The censorship rules in the case at bar are consistent with the *Coleman* decision.

■ In *Sostre v. McGinnis,* 442 F2d 178 (2d Cir 1971), the court, sitting in banc, disagreed on some of the points of the wide-ranging decision, but all of the court agreed on the part of the court's opinion where, after an exhaustive review of precedents and authoritative writings, it said:

> "* * * We need only add that when we say there may be cases which will present special circumstances that *would* justify deleting material from, withholding, or refusing to mail communications with courts, attorneys, and public officials, we necessarily rule that prison officials may open and read all outgoing and incoming correspondence to and from prisoners." *Sostre v. McGinnis,* 442 F2d 178, 201 (1971).

The substance of all of petitioner's complaints in the case at bar are encompassed in the *Sostre* decision. The petition was properly dismissed on its merits.

Affirmed.