Argued January 20, reversed and remanded for further
proceedings February 4, 1972

## STATE OF OREGON, *Appellant, v.* DONALD RAY LARKINS, *Respondent.*

493 P2d 172

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*William E. Hanson,* Portland, argued the cause for respondent. With him on the brief were William E. Hanson and Dardano, Mowry & Hanson, Portland.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

This appeal is from an order of the trial court suppressing evidence seized by police officers pursuant to a search warrant. The ground for suppression was that the officer executing the warrant did not comply with the "knock and announce" statute. ORS 133.290.

The warrant was issued upon the basis of an affidavit by the executing police officer in which, among other things, he stated that a reliable informant had informed him that two specifically named persons lived at a certain address; that they had illegal drugs in that residence; that informant had purchased drugs from them, and that he had traded a .38 caliber pistol for drugs there; "That the informant has told me informant has observed rifles, shotguns and hand-guns in the above-described premises * * * That Dave and Lloyd have told informant that they would not hesitate to shoot a police officer if one tried to get in the above-described premises."

The officer stated in the affidavit that he knew the informant to be reliable because the officer had been informed by another named police officer of several specifically related incidents where the informant had helped the other officer with information regarding narcotics trafficking and that the information had been correct.

The trial court, after hearing evidence, stated in its opinion:

"* * * I conclude that the reliability of the in-

formation upon which the warrant was based and upon which the officer based his reasons for avoiding the statutory requirement, was primarily grounded upon double-hearsay and, while sufficient to justify issuance of a search warrant, lacks the degree of specificity, substantiality and persuasiveness which ought to be essential to * * * avoid the express mandate of the knock and announce statute."

Initially, we note that the information about firearms and the threatened use of them against policemen was not double hearsay. It was hearsay to the police officer from another police officer that the informant had been found reliable on other occasions.

We do not believe, under circumstances such as those related above, that an officer, whose duty requires him to execute the warrant, must take the calculated risk of warning a defendant in advance when he executes the warrant. This is so regardless of whether his knowledge of the dangerous capabilities and propensities of the defendant are personally known to him or have come to him by way of hearsay from a reliable informant. That refinement of the law would not make him less dead or wounded if he were shot.

In *State v. Gassner*, 6 Or App 452, 488 P2d 822 (1971), we reviewed the law with reference to an officer's duty to "knock and announce" and we said that one exigent circumstance which would relieve the police officer of the duty to "knock and announce" when executing a warrant is that he "reasonably believes the police might face increased peril."

In *State v. Vance*, 7 Or App 566, 492 P2d 493 (1972), we held that where the officer had information that the defendant carried an automatic

handgun on his person in case anyone tried to "rip him off," the officer was justified in a forcible entry of the premises to be searched without knocking and announcing. There, the officers saw that they had been observed through a window as they approached the premises and that the observer had rapidly retreated. A similar circumstance did not occur in the case at bar, but that is not such a distinguishing feature as to dictate a different conclusion.

Reversed and remanded for further proceedings.