Submitted January 31, affirmed February 20, 1973

STATE OF OREGON, *Respondent, v.* MICHAEL WESLEY NEWMAN (No. 40937), *Appellant.*

506 P2d 523

Terry K. Haenny, Salem, for appellant.

Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem, for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

On April 25, 1972, police officers executed a search warrant at defendant's residence in Albany, Oregon. They found and seized various narcotic and dangerous drugs. Based on this evidence, defendant was convicted of two counts of criminal activity in drugs in violation of ORS 167.207. His contentions on appeal are that the trial court erred: (I) by not granting his motion to suppress the drugs on the grounds that the officers failed to announce their identity and purpose before opening the door to his house; and (II) by sustaining objections to testimony challenging the facts in the affidavit supporting the search warrant. We affirm.

I

Three or four officers executed the search warrant in the middle of the afternoon on April 25. While one officer went to the back door the others went to the front door. Officer Klinge knocked on the closed front door "seven or eight times." He waited "probably a minute," listening for a response or any other sounds within the residence. Hearing nothing, he opened the unlocked door and, without entering, announced, "Police officers. * * * We are here with a search warrant." The officers at the front door then entered, found defendant asleep, read him the search warrant and advised him of his rights—presumably after waking him up—and proceeded to search.

Defendant contends that since Officer Klinge made the announcement of identity and purpose *after* ·opening the front door, instead of before doing so, the search that followed was invalid.

Knock and announce issues have been consid-

ered by us on several occasions.[1] Recently the Oregon Supreme Court in *State v. Valentine/Darroch,* 264 Or 54, 504 P2d 84 (1972), *cert denied* 412 US 948 (1973), decided two major knock and announce issues that had previously been unresolved in our cases. Specifically, the Supreme Court held that the failure of police officers to knock and announce when executing a search warrant did not violate Oregon Constitution, Art I, § 9,[2] and that violation by the police of the statutory knock and announce requirement, ORS 133.290,[3] as distinguished from constitutional requirements, would not result in suppression of the evidence seized.

Therefore, the only knock and announce issue now cognizable in Oregon is whether the police entry violated the Fourth Amendment to the United States Constitution[4] as interpreted in *Ker v. California,* 374 US 23, 83 S Ct 1623, 10 L Ed 2d 726 (1963), *State v.*

---

[1] State v. Smith, 10 Or App 404, 500 P2d 269, Sup Ct *review denied* (1972); State v. Wetteland and Haak, 9 Or App 87, 496 P2d 27 (1972); State v. Larkins, 8 Or App 162, 493 P2d 172 (1972); State v. Vance, 7 Or App 566, 492 P2d 493 (1972); State v. Gassner, 6 Or App 452, 488 P2d 822 (1971); State v. Mitchell et al, 6 Or App 378, 487 P2d 1156, Sup Ct *review denied* (1971).

[2] "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." Oregon Constitution, Art I, § 9.

[3] "The officer may break open any outer or inner door or window of a dwelling house, or otherwise, to execute the warrant if, after notice of his authority and purpose, he is refused admittance." ORS 133.290.

[4] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

*Valentine/Darroch*, supra, and *State v. Gassner*, 6
Or App 452, 488 P2d 822 (1971).

■ *Ker, Valentine/Darroch* and *Gassner* hold that,
in general, for a search to be reasonable under the
Fourth Amendment the officers must first knock, an-
nounce their identity and announce their purpose be-
fore entering the premises to be searched. However,
there are well-recognized exceptions to this require-
ment. Officers need not knock and announce, for
example, when they reasonably believe that doing so
would lead to the destruction of evidence,[5] result in
the escape of persons in the premises,[6] increase the
peril to the safety of the officers or others,[7] or when
the officers gain entry by way of a subterfuge.[8]

In this case the state does not contend that
any of these exigent circumstances were present. In-
stead, the thrust of the state's argument is that Officer
Klinge did comply, or at least substantially comply,
with the constitutional announcement requirement.

■ ■ We agree. Just as it is unnecessary to make
any announcement in certain circumstances, *see,* nn 5-8,
supra, we hold the *method* of making an announce-
ment, when required, can vary with the circumstances
the officers encounter. The minute of silence that
followed Officer Klinge's seven or eight knocks could
be viewed as an indication that nobody was at home,
in which case it would seem irrelevant whether an-
nouncement was made before or after opening the door
—assuming it was necessary at all. Alternatively,

---

[5] State v. Smith, supra; State v. Mitchell et al, supra.

[6] *See,* State v. Mitchell et al, supra.

[7] State v. Larkins, supra; State v. Vance, supra.

[8] State v. Valentine/Darroch, 264 Or 54, 504 P2d 84 (1972),
cert denied 412 US 948 (1973); State v. Monteith, 4 Or App 90,
477 P2d 224 (1970).

the facts that it was the middle of the afternoon, that a pickup truck was in the driveway and that a sign on the front door said, "Day Sleeper," may, as defendant urges, have indicated that somebody was in the house, probably asleep. Under this analysis the officers' act of opening the door to make their announcement more likely heard was not unreasonable. Thus, under either view of the circumstances the officers encountered, the fact that they opened the door, then announced their identity and purpose and then entered did not violate the Fourth Amendment.

■ This conclusion is consistent with the purposes underlying the announcement requirement: (1) avoidance of the danger of violence that might follow an unannounced entry; and (2) protection of the privacy of those within the residence to be searched. *State v. Valentine/Darroch,* supra. When a residence is vacant, even a completely unannounced police entry cannot provoke a violent reaction and cannot violate anybody's rights of privacy. When a residence is occupied by somebody who is asleep, an announcement made by the police in such a way that it is most likely to be heard is the best way to minimize the danger of violence and to protect rights of privacy.

## II

The affidavit filed in application for the warrant to search defendant's residence stated the police had been told by Albert McFarland that he had been in that residence about 12:50 a.m., April 25, 1972, had seen an unidentified woman sell marihuana to an unidentified man and had seen additional amounts of various narcotic and dangerous drugs in the residence.

At the suppression hearing defendant sought to

challenge the accuracy of the affidavit. Defendant called a Miss Smith who testified she had been with Albert McFarland the evening of April 24 until about 1 a.m., April 25, and that he had not entered defendant's residence during that time.[9] Defendant called a Miss Roberts who testified that she had been in defendant's residence the late evening of April 24, and early morning of April 25. Apparently defense counsel was about to ask Miss Roberts if Albert McFarland had been in the residence during that period when the district attorney objected to further inquiry "on the grounds of relevancy." The circuit court sustained the objection. This ruling is the basis of defendant's second assignment of error.

It has been argued that a criminal defendant has a constitutional right to contest the accuracy and veracity of statements in a search warrant affidavit.[10] The question here argued, however, is not whether this right exists in Oregon, but, instead, the proper procedures to be followed in exercising it.

■ Our prior cases have assumed, although not expressly held, that criminal defendants who seek to contest the truthfulness of statements in a search warrant affidavit must first file a motion to controvert before the issuing magistrate pursuant to ORS

---

[9] No question is presented as to whether on the basis of Miss Smith's testimony, received without objection, the motion to suppress should have been granted.

[10] *Controverting Probable Cause in Facially Sufficient Affidavits*, 63 J Crim L C & P S 41 (1972); Kipperman, *Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence*, 84 Harv L Rev 825 (1971); Comment, *The Outwardly Sufficient Search Warrant Affidavit: What if it's False?*, 19 UCLA L Rev 96 (1971); and Note, *Testing the Factual Basis for a Search Warrant*, 67 Colum L Rev 1529 (1967).

141.150.⊕ *State v. Wright,* 266 Or 163, 511 P2d 1223 (1973); *State v. Stahley,* 7 Or App 464, 492 P2d 295 (1971); *State v. Ronniger,* 7 Or App 447, 492 P2d 298 (1971). When there is no record of proceedings on the motion to controvert before the magistrate, the question of the truthfulness of the affidavit can then be renewed in the circuit court on a motion to suppress. *State v. Stahley,* supra.

This is not to say that proceedings on a motion to suppress in the circuit court are necessarily just limited to the question of whether the face of the affidavit establishes probable cause, as the district attorney argued at one point in the suppression hearing in this case. Facts relating to other matters, such as possible violation of the knock and announce requirement, *see,* point I, supra, have always been developed at suppression hearings. Moreover, in *State v. Stanton,* 7 Or App 286, 490 P2d 1274 (1971), we approved of the practice of eliciting, at a suppression hearing, "testimony which gives the details surrounding the ultimate facts set out in the affidavit." 7 Or App at 290, n 1.

■ ■ In this case, however, defendant sought to challenge the truthfulness of the search warrant affidavit for the first time in a suppression hearing, without having previously filed a motion to controvert. He urges that we should reject the assumption of our prior cases, follow *People v. Butler,* 64 Cal2d 842, 52 Cal Rptr 4, 415 P2d 819 (1966), and hold that the procedure he attempted to follow is proper.

---

⊕ "If the person from whose possession the property was taken controverts the grounds of issuing the warrant, the magistrate shall proceed to examine the matter by taking testimony in relation thereto." ORS 141.150.

We do not reach the merits of defendant's argument for two reasons.

First, after the district attorney's objection to questions relating to the truthfulness of the affidavit was sustained, defendant made no offer of proof. In the absence of an offer of proof, even if we assumed the testimony defendant sought to introduce was admissible, we would have no way of knowing whether its exclusion was prejudicial to defendant. *State v. Jenkins,* 246 Or 280, 424 P2d 894 (1967) ; *Houser et al v. Heider et al,* 221 Or 7, 350 P2d 422 (1960). Even though defendant indicated a general desire to produce testimony on the truthfulness of the affidavit, he made no tender of specific facts sought to be elicited from Miss Roberts or any other witnesses. This was insufficient. *Downey v. Traveler's Inn,* 243 Or 206, 412 P2d 359 (1966) ; *Jacob v. Pacific Export Lbr. Co.,* 136 Or 622, 297 P 848 (1931).

Second, defendant has not presented this issue in a manner that complies with Rule 2.35 of the rules of this court.

Affirmed.