Argued and submitted September 26, reversed and
remanded November 26, 1979

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT EMMET MILLER,
*Appellant.*

(No. 18-155d (78-840), CA 12865)
(No. 18-155d (78-8440d), CA 13317)
(Cases Consolidated.)

602 P2d 1141

[421]

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter J. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Defendant appeals from a conviction of criminal activity in drugs, ORS 167.207. He assigns as error the trial court's denial of his motion to suppress evidence seized in a warrantless search of a residence. The central issue, as we view the case, is whether or not exigent circumstances existed that would allow the police to enter the house without first complying with constitutional and statutory knock and announce requirements. We hold they did not and reverse defendant's conviction.[1] Because of our disposition of this issue we do not reach the other issues raised by the defendant.

The defendant was arrested, indicted and convicted on the basis of evidence seized from a house in Tigard. On February 20, 1978, police contacted an informant who told them that he was going to purchase "some pounds of marijuana." The officers told the informant they would act as the "money men" in the transaction. They followed the informant to the defendant's house and from there to a restaurant where they were told to wait. The informant and the defendant, followed by several police officers, proceeded to a nearby residence. Upon arrival, the officers radioed back to the two officers waiting at the restaurant. These two joined their fellows and all hid in the bushes surrounding the house.

After about 30 minutes, the informant came out of the house and told one of the officers the marijuana would arrive in 10 or 15 minutes. The officer instructed the informant to give a signal when the marijuana arrived. About 20 to 30 minutes later the informant came out again, this time with the defendant. They spoke with the officers who were acting as the "money

---

[1] Defendant filed notices of appeal from both the original conviction and the probation revocation, the imposition of his sentence having originally been suspended. These cases were consolidated by an order of this court dated March 5, 1979, as the revocation is directly based on the underlying conviction and rises or falls with it. The defendant raises no procedural issues with regard to his probation revocation.

[423]

men," told them that the marijuana would be there in about 10 minutes and that they should wait at the end of the street.

Shortly thereafter a car pulled up, two men got out and entered the house. Two men then came out of the house, took a cardboard box out of the car's trunk and carried it into the house. About five minutes later the informant came out and gave the pre-arranged signal.

At that point the officers entered the house. It appears that some went in the front door, which was ajar, and some went in the back, which was forcibly opened. They did not knock first or announce their purpose. They simply announced "police" as they entered.

The trial court specifically found that the police did not comply with the knock and announce provisions but that the failure was justified and reasonable because of exigent circumstances. There is evidence in the record to support the trial court's view of the facts and we are bound by it. However, we are not bound by the trial court's legal conclusions with respect to the facts found. *State v. Warner*, 284 Or 147, 575 P2d 674 (1978).

The United States Supreme Court, in *Ker v. California*, 374 US 23, 83 S Ct 1623, 10 L Ed 726 (1963), held that "an officer's failure to comply with the announcement requirement, when it is applicable, renders the ensuing search and seizure unreasonable and therefore in violation of the Fourth Amendment." *Accord, State v. Valentine/Darroch*, 264 Or 54, 57, 504 P2d 84 (1973), *cert den* 412 US 948 (1973).

The evidence seized will be suppressed only when the police failure to knock and announce their identity and purpose rises to the level of a federal constitutional violation as opposed to a statutory or state constitutional violation. *State v. Valentine/Darroch, supra; State v. Newman*, 12 Or App 266, 506 P2d 523 (1973). The failure to knock and announce violates the Fourth

mendment when it conflicts with *both* of the rule's
rposes, which are: "(1) to protect persons who might
 injured by violent resistance to unannounced en-
ies by law enforcement officers and (2) to protect the
useholder's right to privacy." *State v. Valentine/Dar-
ch, supra,* 264 Or at 60; *State v. Newman, supra,* 12
 App at 271.

It is clear that the method of entry in this case did
t comply with the knock and announce provisions
d conflicted with the purposes of the rule. The
icers did not knock, did not announce their purpose,
d only announced their identity as the entry was
ade. *Cf. State v. Olson,* 34 Or App 511, 579 P2d 277
78), *reversed on other grounds,* 287 Or 157, 598 P2d
0 (1979).

The issue remains as to whether exigent circum-
nces existed to justify immediate entry without
mplying with the rule. *See State v. Mitchell,* 6 Or
p 378, 487 P2d 1156 (1971). This court has recog-
ed that officers need not knock and announce

"* * * when they reasonably believe that doing so
would lead to the destruction of evidence,[5] result in
the escape of persons in the premises,[6] increase the
peril to the safety of the officers or others,[7] or when
the officers gain entry by way of subterfuge.[8]" *State v.
Newman, supra,* 12 Or App at 270.

---

[5]

"*State v. Smith,* 10 Or App 404, 500 P2d 269 (1972); *State v.
Mitchell,* 6 Or App 378, 487 P2d 1156 (1971).

[6]

"See, *State v. Mitchell, supra.*

[7]

"*State v. Larkins,* 8 Or App 162, 493 P2d 172 (1972); *State v. Vance,*
7 Or App 566, 492 P2d 493 (1972).

[8]

"*State v. Valentine/Darroch,* 264 Or 54, 504 P2d 84 (1972), *cert
denied* 412 US 948 (1973); State v. Monteith, 4 Or App 90, 477 P2d 224
(1970)."

[425]

None of these exceptions applies in this case. In particular there was no testimony that the officers believed the evidence to be a small amount that was readily disposable and that it was likely to be destroyed if an announcement was given. *See State v. Gassner*, 6 Or App 452, 464, 488 P2d 822 (1971); *see also State v. Mitchell, supra; State v. Smith*, 10 Or App 404, 500 P2d 269 (1972). In fact, they knew there would be pounds of marijuana and had seen the box in which the marijuana had probably arrived.

Neither was there danger to the officers or their informant. The informant had been in and out of the house a number of times. There was no testimony that the suspects were in any way suspicious or aware of the police presence. There was no mention of any guns or other weapons that would put the informant's or the policemen's lives in immediate danger. *See State v. Steffes*, 2 Or App 163, 465 P2d 905 (1970); *State v. Vance*, 7 Or App 566, 492 P2d 493 (1972); *State v. Larkins*, 8 Or App 162, 493 P2d 172 (1972).

For the foregoing reasons, we hold that the entry and subsequent search violated the petitioner's Fourth Amendment rights and the evidence should have been suppressed. *State v. Valentine/Darroch, supra.*

Reversed and remanded for new trial.