PEOPLE *v.* HOEFLE.

1. CRIMINAL LAW — EMBEZZLEMENT — REQUESTS TO CHARGE — INSTRUCTIONS.

In prosecution for embezzlement, trial court's failure to cover request to charge based on defendant's theory of case that employer consented to employee's use of funds *held,* prejudicial error under record presented, notwithstanding technically inaccurate language of request to charge as proffered, since it is the duty of a trial court, if proper request is made, to cover in his charge the theory upon which defense is founded, where it is supported by competent testimony.

2. Same—Specific Charges.

> A party is entitled to have specific charges upon the law applicable to each of the various hypotheses or combinations of facts which the jury might legitimately find from the evidence and which have not been covered by other instructions.

3. Witnesses—Cross-Examination—Credibility.

> The scope of cross-examination upon collateral and irrelevant issues for purpose of testing the credibility of a witness rests in the discretion of the trial court.

Appeal from Recorder's Court for the City of Detroit; Skillman (W. McKay), J. Submitted April 16, 1936. (Docket No. 141, Calendar No. 38,609.) Decided June 16, 1936. Rehearing denied September 2, 1936.

John J. Hoefle was convicted of embezzlement. Reversed and new trial granted.

*Wm. Henry Gallagher,* for appellant.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd* and *Chester P. O'Hara,* Assistants Attorney General, for the people.

North, C. J. Appellant was convicted by a jury of embezzling and converting to his own use $10,000 of the funds of Rands, Inc., a Michigan corporation, located in Detroit. This corporation was practically owned and wholly under the control of William C. Rands. The defense urged was that the accused took and used the $10,000 under the express authority of his employer and that later defendant decided to keep the amount so taken in the belief that he was justly entitled thereto as part payment for money due him from his employer under a specific agreement, the details of which are unimportant for decision herein.

Appellant asserts as error that the trial judge failed to fully cover in his charge to the jury the defendant's theory of defense, notwithstanding an appropriate request to so charge was preferred. It was a part of defendant's claim and theory of defense that prior to the time he countersigned and cashed the check for $10,000 and used the proceeds for his own stock transactions Mr. Rands gave him permission to do so. Mr. Rands, the complaining witness, denied there was any such arrangement or permission. Clearly if defendant had Rands' permission to use the funds alleged to have been embezzled, no crime was committed. A controlling issue of fact was thus presented. On this phase of the case defendant testified:

"He (Mr. Rands) said, 'You better go in and buy yourself some Hiram Walker stock if you need anything more help yourself out for your own account. Go ahead and use it.' * * * He said to me, 'If you need anything, go ahead and use it,' and I said, 'I have used a few hundred shares of stock,' and he said, 'All right, go ahead but don't carry the place away.' * * * I proceeded to take the property of Rands, Inc., without telling anybody about it. I did it with Mr. Rands' advice."

In the court's opinion, filed at the time he denied defendant's motion for a new trial, the following statement is made:

"Rands took the witness stand first and testified very largely as to formal matters. He testified in general terms that he did not authorize use by defendant of the $10,000 which the defendant was charged with embezzling at any time or for any purpose. Afterwards Hoefle, the defendant, took the stand and with great detail narrated the time, place and substance of the agreement he claimed to have

had with Rands, which authorized him to use the money as he did.''

The following request to charge was presented by defendant:

"The testimony of Mr. Hoefle shows that at the time he drew and cashed this $10,000 check he did so under authority of William C. Rands, that he had no intention at that time to keep and not return the money, but did intend to return it; and if you find that to be the fact then you must find that the defendant is not guilty of the charge of embezzling and converting this money to his own use feloniously and fraudulently as charged.''

A careful reading of the court's charge discloses that this request was not given nor was it covered by any portion of the charge to the jury. Instead the charge, in so far as it outlined the theory of defense, was wholly confined to another issue of fact presented by the testimony, to-wit, that defendant subsequent to taking and using the money, believing he had a right to do so, decided to retain it and apply it in payment on an indebtedness which he claimed was due him from Mr. Rands. This we think deprived defendant of a fair trial. It is the duty of a trial court, if proper request is made, to cover in the charge to the jury the theory upon which the defense is founded, if it is supported by competent testimony.

"A party is entitled to have specific charges upon the law applicable to each of the various hypotheses or combinations of facts which the jury, from the evidence, might legitimately find, and which have not been covered by other instructions." *People.*v. *Parsons* (syllabus), 105 Mich. 177.

See, also, *People* v. *Cummins,* 47 Mich. 334.

Surely it was of greatest importance to the defendant that the jury should be charged that the burden

was on the people to show beyond a reasonable doubt that the $10,000 was taken and used by defendant without the consent or approval of Mr. Rands or Rands, Inc. Failure to outline and submit to the jury this theory of the defense was prejudicial error.

While it has not been urged in the people's brief, it may be noted in passing that the above quoted request to charge, as presented by defendant, was not in technically correct language. It would have been unfair and prejudicial to the people's case for the court to have said to the jury:

"The testimony of Mr. Hoefle *shows* that at the time he drew and cashed this $10,000 check he did so under authority of William C. Rands."

Such statement by the court would in all probability have led the jury to understand the charge as meaning that by Mr. Hoefle's testimony the fact *was established* that the money was used under the authority of Mr. Rand. Notwithstanding the imperfection in the request as presented, this theory of the defense was specifically called to the attention of the court and it thereupon became the duty of the court in the.trial of a criminal case to fairly cover this theory of the defense in the charge to the jury.

It is also urged in support of this appeal that the trial court committed error by unduly restricting defendant's cross-examination of the complaining witness. The cross-examination which defendant's counsel sought to pursue had to do wholly with collateral matters and its only bearing was upon the credibility of the complaining witness. The scope of cross-examination upon collateral and irrelevant issues for the purpose of testing the credibility of a witness rests in the discretion of the trial court. *People* v. *Marcus,* 253 Mich. 410.

For the reason hereinbefore indicated the defendant's conviction must be set aside and a new trial ordered.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.