OPPENHEIM *v.* RATTNER.

1. APPEAL AND ERROR—INSTRUCTIONS—THEORY OF CASE.
   Claim that trial court committed error in its instructions to
   the jury, *held*, without merit, where a reading of the entire
   charge reveals that it fairly and adequately presented the
   theories of the parties and the applicable law.

2. SAME—ARGUMENT OF COUNSEL—THEORY OF CASE—OBJECTION.
   Refusal of trial court to allow interruption of the closing argu-
   ment of defendants' counsel, *held*, proper, where argument was
   unobjectionable and consistent with the pleadings, issues, and
   defense counsel's opening statement.

3. SAME—NEW TRIAL—DISCRETION OF COURT—EVIDENCE.
   Claim that trial court committed error in denying plaintiff's mo-
   tion for new trial in automobile accident case *held*, without
   merit and not an abuse of discretion, where there was ample
   evidence in the record to sustain the jury's verdict for defend-
   ants.

4. NEGLIGENCE—DIRECTED VERDICT.
   Negligence will be determined as a matter of law only when
   no reasonable men could draw a different conclusion from the
   circumstances established.

5. SAME—APPEAL AND ERROR—DIRECTED VERDICT.
   Claim that trial court erred in failing to direct verdict in favor
   of plaintiff, *held*, without merit, where a careful review of
   the record is not convincing that defendant motorist's conduct

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 891 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 896.
[3] 5 Am Jur 2d, Appeal and Error § 850 *et seq.*
[4] 38 Am Jur, Negligence § 344
[5] 5 Am Jur 2d, Appeal and Error § 886.
[6, 7] 20 Am Jur, Evidence § 730.
[8] 8 Am Jur 2d, Automobiles and Highway Traffic § 950.
[9] 58 Am Jur, Witnesses § 767 *et seq.*
[10, 11] 58 Am Jur, Witnesses § 783.
[12, 13] 5 Am Jur 2d, Appeal and Error § 776.

was such that all reasonable men would conclude that he was negligent.

6. EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY—AUTOMOBILES.

Claim that trial court erred in admitting into evidence a photograph of the area where automobile accident in question occurred, by not first requiring that the photographer be produced for cross-examination, *held*, without merit, where the photograph was identified by a witness having personal knowledge of the facts as a correct representation of such facts.

7. SAME—PHOTOGRAPHS—IDENTIFICATION.

A photograph, identified by a witness having personal knowledge of the facts in issue as an accurate representation thereof, is admissible into evidence, there being no requirement that the photographer also first identify the same.

8. AUTOMOBILES — EVIDENCE — EYEWITNESSES — PRIOR CONDUCT OF PLAINTIFF.

Testimony by eyewitness to automobile accident concerning his observation of the operation of plaintiff's vehicle by plaintiff's driver, some distance from and just prior to collision, *held*, properly admissible into evidence.

9. WITNESSES — IMPEACHMENT — AUTOMOBILES — EVIDENCE — OBJECTION.

Action of trial court in allowing eyewitness, over objection of counsel, to testify concerning what witness said to plaintiff's driver immediately after accident, *held*, error, where such testimony was offered to impeach plaintiff's driver and there had been no prior denial of such conversation by the driver.

10. SAME—COLLATERAL MATTER—IMPEACHMENT.

A witness may not be impeached on a collateral matter.

11. SAME—IMPEACHMENT—COLLATERAL MATTER.

Permitting witness, over proper objection, to testify concerning a conversation with plaintiff's driver immediately following automobile accident, for the purpose of impeaching the testimony of plaintiff's driver, *held*, error, since said testimony related solely to a collateral matter on which there can be no impeachment.

12. APPEAL AND ERROR—HARMLESS ERROR—REVERSIBLE ERROR—EVIDENCE.

Error during the conduct of a trial requires reversal only where a review on the whole record indicates that substantial justice requires such reversal (GCR 1963, 529.1).

13. SAME—HARMLESS ERROR—AUTOMOBILES.

Error in allowing witness, over proper objection, to testify concerning a conversation with plaintiff's driver immediately following automobile accident, for the purpose of impeaching plaintiff's driver, *held*, harmless error, where a review of the whole record indicates that such error did not result in a lack of substantial justice (GCR 1963, 529.1).

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 December 8, 1966, at Lansing. (Docket No. 1,037.) Decided April 25, 1967. Leave to appeal denied July 13, 1967. See 379 Mich 771.

Complaint by Herbert Oppenheim, individually, and as next friend of Philip Oppenheim, a minor, against Harvey J. Rattner and Richard Rattner, a minor, for damages arising from personal injuries sustained by Philip Oppenheim when a car in which he was a passenger collided with one owned by Harvey J. Rattner and operated by Richard Rattner. Verdict and judgment for defendants. New trial denied. Plaintiff appeals. Affirmed.

*Maile, Leach & Silver* (*Saul M. Leach* and *Norman L. Zemke,* of counsel), for plaintiff.

*Hartman, Beier, Howlett & McConnell* (*Kenneth B. McConnell,* of counsel), for defendants.

T. G. KAVANAGH, P. J. Richard Rattner, heading west on Maple road, was in the intersection of Franklin road waiting to make a left-hand turn onto Franklin. According to his testimony he observed two cars approaching the intersection from the west, the first about 20 feet away and the second about 100 yards away. He concluded that he could make the turn in safety after the first car passed him, and as he attempted to execute this maneuver after the first car passed him, his car collided with the second car as it entered the intersection.

Philip Oppenheim, a passenger in the second car which was driven by Gilbert Sears, was injured in the collision and this suit is for the damages occasioned thereby.

The jury returned a verdict of no cause for action and on appeal nine assertions of error are made. One treats of the trial court's refusal to direct a verdict of liability against the defendants, three treat of questions concerning the admissibility of evidence, and two are concerned with the closing argument of defendant's counsel, two fault the court's instructions to the jury, and one maintains the verdict to be against the weight of the evidence. Of these we find only one to merit extended discussion.

We have carefully reviewed the court's instructions and the omitted requests to charge and we are satisfied that the charge as given fairly and adequately presented the theories and the applicable law. We find no error here. See *Hammock* v. *Sims* (1946), 313 Mich 248.

We view likewise the objections to defense counsel's closing argument and the court's ruling thereon. Counsel's comment in light of his opening statement seems consistent and unobjectionable. The answer placed the matter of driver Sears' responsibility squarely in issue and the argument was not inappropriate in our view.

The contention that the verdict was against the great weight of the evidence was considered by the trial court in passing upon plaintiff's motion for a new trial. We are not persuaded the court abused his discretion in denying the motion for we observe ample evidence in the record to support the jury's verdict. *Gibbons* v. *Delta Contracting Co.* (1942), 301 Mich 638; *Alley* v. *Klotz* (1948), 320 Mich 521; *Dempsey* v. *Miles* (1955), 342 Mich 185.

Regarding the direction of a verdict, we are committed to the proposition that negligence will be determined as a matter of law only when no reasonable men could draw a different conclusion from the circumstances established. See *Kroll* v. *Katz* (1965), 374 Mich 364; *Alley* v. *Klotz, supra.*

Here a careful examination of the record does not convince us that defendant's conduct was such as to require all reasonable men to conclude he was negligent. We find no error here.

The errors asserted regarding the admission of evidence are concerned with a photograph and the testimony of an eyewitness.

A photograph was produced and witness Sears affirmed that it fairly represented the Maple-Franklin intersection. Plaintiff's objection to its introduction on the grounds that the photographer was not present for cross-examination was overruled by the court. We think the ruling was proper.

"As with demonstrative evidence generally, the prime condition on admissibility is that the photograph be identified by a witness as a portrayal of certain facts relevant to the issue, and verified by such a witness on personal knowledge as a correct representation of these facts. The witness who thus lays the foundation need not be the photographer nor need the witness know anything of the time or conditions of the taking. It is the facts represented, the scene or the object, that he must know about, and when this knowledge is shown, he can say whether the photograph correctly portrays these facts." McCormick on Evidence, § 181, p 387.

See, also, *Martin Parry Corp.* v. *Berner* (1932), 259 Mich 621.

The eyewitness, Victor Sbordon, was permitted to testify about his observation of Sears' driving some distance from and just prior to the collision. Plain-

tiff's objection to its relevancy was, in our view, properly overruled by the court. See *Gibbons* v. *Delta Contracting Co., supra.*

Sbordon was permitted to testify that he told. plaintiff's driver shortly after the collision that he (the driver) had passed him (Sbordon) illegally in a no passing zone, and that he was exceeding the speed limit by at least 10 miles an hour.

This was permitted over plaintiff's objection when the court, reversing his original determination that the statement was immaterial, allowed the answer on the theory that it was proper impeachment of a prior witness who the court stated had denied the conversation.

On this the court was in error in two respects. First, we find no prior denial of the conversation by any witness. Second, even had there been such, since the issue of the occurrence of the conversation was collateral, Sbordon's testimony was not properly available to impeach on this issue. See *Hall* v. *Iosco County Board of Road Commissioners* (1966), 2 Mich App 511.

In assaying the effect of this error, however, we do not regard it as reversible. The conversation summed up the prior admissible testimony of the witness' observation and doubtless heightened its effect. However, a review of the whole record in this area does not persuade us that substantial justice requires reversal. See GCR 1963, 529.1.

Finding no reversible error, the judgment is affirmed, with costs to appellee.

J. H. GILLIS and McGREGOR, JJ., concurred.