PEOPLE *v.* WALKER

Appeal from Ingham, Salmon (Marvin J.), J. Submitted Division 2 November 13, 1968, at Lansing. (Docket No. 5,437.) Decided November 26, 1968.

Leroy Walker was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Stuart J. Dunnings, Jr.,* for defendant.

PER CURIAM. Defendant was arrested by the Ingham county sheriff's department for breaking and entering[1] a business establishment called the Tie Rack. Subsequently, he was turned over to the Lansing police department at which time he was informed of his right to remain silent and his right to counsel. He was then taken to a used car lot where his auto was parked so he could lock his car, and then taken to his home to pick up his wife and children so they could be transported to his mother's home.

---

[1] CL 1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305),

The police, after so accommodating him, took him back to the scene of the breaking and entering whereupon he pointed out the Tie Rack and stated that it was the place he had broken into.

The prosecutor gave notice to defense counsel that this admission would be used in evidence in conformity with GCR 1963, 785.5.[2] The defendant did not move to suppress this statement.

At the trial of the cause, defendant objected to the admission of this statement, claiming that to admit the statement would be violative of defendant's constitutional rights as set forth in *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694). *Miranda* held that the police had the duty to inform a defendant that he had the right to remain silent and that he had the right to consult with an attorney, and if the defendant did request an attorney, all interrogation must cease.

The record in the present case establishes that the defendant was informed of his rights and still volunteered the statement. Defendant's rights were fully protected and there was no error in admitting the statement.

Affirmed.

FITZGERALD P. J., and R. B. BURNS and ROBINSON, JJ., concurred.

---

[2] See 376 Mich xlv.