PEOPLE *v*. WILKES

1. APPEAL AND ERROR — QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED AT TRIAL.

Issues not raised at trial will not be considered for the first time on appeal.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—OBJECTIONS—TIME-LINESS.

Failure to object to instructions to the jury at trial, where there is opportunity to do so, constitutes a waiver of any right to raise an objection for the first time on appeal (GCR 1963, 516.2).

3. WITNESSES—RES GESTAE WITNESSES—FAILURE TO INDORSE.

The prosecutor was properly excused from producing or indorsing an alleged *res gestae* witness in a prosecution for first-degree murder where the record shows that police were unable to locate the witness or uncover his identity after a diligent search (MCLA § 750.316).

4. HOMICIDE—FIRST-DEGREE MURDER—EVIDENCE—SUFFICIENCY.

Defendant's contention that because of a discrepancy between witnesses' testimony at the preliminary examination and at trial there was insufficient evidence to find him guilty beyond a reasonable doubt of first-degree murder is without merit where any discrepancy worked in defendant's favor at trial and there was sufficient evidence, if believed, to justify a finding of guilty (MCLA § 750.316).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 5 Am Jur 2d, Appeal and Error § 891.
[3] 53 Am Jur, Trial §§ 469–479, 695–698.
  39 Am Jur, New Trial § 32.
[4] 40 Am Jur 2d, Homicide § 468.

Appeal from Recorder's Court of Detroit, Gerald W. Groat, J. Submitted Division 1 January 6, 1970, at Detroit. (Docket No. 6,694.) Decided January 27, 1969. Leave to appeal denied August 18, 1970. 383 Mich 819.

Robert Edward Wilkes was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Ted Vincent,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. Defendant Robert Wilkes was found guilty of first-degree murder following a jury trial. MCLA § 750.316 (Stat Ann 1954 Rev § 28.548). This appeal is brought as of right.

Numerous issues are raised on appeal concerning the conduct of the trial and the jury instructions. The issues raised regarding the conduct of the trial were not raised in the trial court and they cannot be raised for the first time on appeal. *People* v. *Will* (1966), 3 Mich App 330; *People* v. *Dailey* (1967), 6 Mich App 99. Moreover, although given the opportunity below, no objections to the instructions were raised by defendant. The failure of timely objection waives any possible right he might have had to object now to the instructions. *People* v. *Allar* (1969), 19 Mich App 675; *People* v. *Mallory* (1966), 2 Mich App 359; GCR 1963, 516.2.

Defendant also asserts that the prosecutor failed to indorse a *res gestae* witness known to the prosecution. Assuming *arguendo** the witness was a *res gestae* witness, a review of the record satisfies us that the prosecution was excused from indorsing or producing the witness after a diligent search by the police failed to locate the man or to uncover his complete identity. *People* v. *Castelli* (1963), 370 Mich 147.

Finally, defendant questions the sufficiency of the evidence to prove him guilty beyond a reasonable doubt. The main contention is that there was a discrepancy between the testimony of the witnesses at the preliminary examination and at trial. Any discrepancy, however, worked in defendant's favor at trial. There was sufficient evidence, if believed by the jury, to justify a finding of guilt beyond a reasonable doubt. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519.

Affirmed.

---

* There is testimony in the record indicating that the unindorsed witness left the scene prior to the commission of the homicide.