PEOPLE v. MARTIN #1

1. APPEAL AND ERROR—JURY—INSTRUCTIONS—OBJECTIONS.

   Absent a showing of manifest injustice, objections to jury instructions cannot be raised for the first time on appeal (GCR 1963, 516.2).

2. CRIMINAL LAW—JURY—INSTRUCTIONS—INCLUDED OFFENSE.

   Instruction on a lesser included offense should not be given where no evidence is presented to support a conviction of a lesser offense.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 January 12, 1970, at Detroit. (Docket No. 7,013.) Decided January 28, 1970.

Tommye Douglas Martin was convicted of assault with intent to rob and steal being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Eugene A. Sikora,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 53 Am Jur, Trial § 796 et seq.

Before: Danhof, P. J., and Fitzgerald and Mc-Gregor, JJ.

Per Curiam.  Defendant was convicted by a jury in the recorder's court of the city of Detroit of assault with intent to rob and steal being armed,[1] and was sentenced to life imprisonment.

At the trial the testimony of the complaining witness was corroborated by another eyewitness, who also identified the defendant.  The defense was alibi and three witnesses testified thereto.  The trial court instructed the jury that there were only two possible verdicts in this case, guilty of assault with intent to rob being armed or not guilty.

On appeal the only issue presented by the defendant is whether the trial court should have given additional instructions relating to lesser included offenses.  Defendant contends that an instruction on *attempted* assault with intent to rob being armed should have been given.

There are two reasons why this Court is not convinced by defendant's argument.  First, he did not object to the instructions given by the trial court, as required by court rule in order to preserve this issue on appeal.[2]  The record shows that when asked by the trial court, "Are you satisfied with the the instructions?" defense counsel answered, "I have no objections."  Absent a showing of manifest injustice, objections to instructions cannot be raised for the first time on appeal.

Second, no evidence was presented to support a conviction of the lesser offense.  The evidence was undisputed that the crime of assault with intent to rob and steal being armed was committed, and

---

[1] CL 1948, § 750.89  (Stat Ann 1962 Rev § 28.284).
[2] GCR 1963, 516.2.

the only defense was that of alibi.[3]  Consequently, no instruction on the lesser offense should have been given.  *People* v. *Stevens* (1968), 9 Mich App 531, *leave to appeal denied,* 381 Mich 769; *People* v. *Carabell* (1968), 11 Mich App 519.

Affirmed.

---

[3] Defendant claimed he was engaged in a card game at another location at the time the crime was committed.