PEOPLE v. McKEE

1. Witnesses—Credibility—Instructions to Jury.

The trial judge is not required to comment in his instructions to the jury concerning the interest or bias of a particular witness.

2. Homicide — Presumption of Malice Aforethought — Deadly Weapon.

There is a presumption of malice aforethought from the use of a deadly weapon resulting in a death.

3. Criminal Law—Sentence—Assistance of Counsel.

A homicide case must be remanded to the trial court for re-sentencing where defendant was not represented by counsel at sentencing and no waiver of his right to be so represented is contained in the sentencing transcript.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 November 10, 1970, at Detroit. (Docket No. 5412.) Decided December 9, 1970.

Harold David McKee was convicted of second-degree murder. Defendant appeals. Remanded for resentencing.

---

References for Points in Headnotes

[1] 53 Am Jur, Trial § 776.
[2] 40 Am Jur 2d, Homicide § 267.
[3] 21 Am Jur 2d, Criminal Law §§ 313, 529.
Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief. 20 ALR2d 1240.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Harold David McKee, in propria persona.*

Before: McGREGOR, P. J., and HOLBROOK and O'HARA,* JJ.

PER CURIAM. Defendant appeals from his conviction after jury trial upon a charge of murder in the second degree.[1] On May 9, 1967, without benefit of counsel, he was sentenced to a prison term of 15 to 25 years.

Defendant alleges the trial court erred in admitting an incriminating statement he made while in custody. Testimony at the *Walker* hearing,[2] however, revealed that defendant's statement was entirely unsolicited.[3] Volunteered statements do not come within the tenets enunciated in *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974). *People* v. *Walker* (1968), 14 Mich App 287; *People* v. *Ruppuhn*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

[2] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

[3] Defendant was arrested on July 26, 1966, at 2:15 p.m. He was advised of his constitutional rights at that time and requested an attorney before answering any police questions. He was unsuccessful in contacting his attorney during the remainder of that day, and the police refrained from interrogating him. At 10 a.m. the following day, two detectives inquired if he had yet talked with his attorney. When he indicated negatively, they turned to leave and defendant said:

" * * * 'You're not going to stick me with first degree on this * * * that * * * asked for it, you're never going to find that gun, I threw it in the river off Belle Isle.' "

(1970), 25 Mich App 62; *State* v. *Austin* (1970), 1 Or App 556 (465 P2d 256); *State* v. *Joseph* (1969), 252 Or 610 (451 P2d 468); *State* v. *Billings* (1968), 84 Nev 55 (436 P2d 212); *United States* v. *Bourassa* (CA 10, 1969), 411 F2d 69; *United States* v. *Godfrey* (CA 10, 1969), 409 F2d 1338; see generally the annotation at 31 ALR3d 676.

Secondly defendant challenges the trial court's instructions to the jury. The people correctly point out that defendant, by failing to object to the instructions at trial, has not properly preserved this issue for appeal. GCR 1963, 516.2.[4] In addition, we find no error. The trial court was not required to instruct on the interest or bias of a particular witness. *People* v. *Sawicki* (1966), 4 Mich App 467 and *People* v. *Zesk* (1944), 309 Mich 129.

Defendant also claims error in the trial court's instruction that there is a presumption of malice aforethought from the use of a deadly weapon:

"I charge you that where death is shown to have resulted from the use of a deadly weapon, the presumption is that the death was inflicted with malice aforethought.

\*        \*        \*

"One, you can find Harold David McKee guilty of murder in the second degree, if you find that malice was present; and I have previously instructed you that there is a presumption of malice involved where a deadly weapon is used, unless, of course, in the absence of any proof to the contrary, this is a rebuttable presumption, but if you find that the deadly weapon was used, you might find or infer that there was malice.

---

4 *People* v. *Young* (1970), 21 Mich App 684; *People* v. *Martin #1* (1970), 21 Mich App 207; *People* v. *Clouse* (1969), 18 Mich App 582; *People* v. *Ivy* (1968), 11 Mich App 427; *People* v. *Mallory* (1966), 2 Mich App 359.

"If you do not find there was malice, but you find that the killing was unjustified and that Harold David McKee did do the killing or committed the homicide, then you must bring in a verdict of manslaughter."

Defense counsel acknowledged that this presumption is the "law in our state". He was correct in this conclusion. See *People* v. *Potter* (1858), 5 Mich 1, 7; *Wellar* v. *People* (1874), 30 Mich 16, 19; *People* v. *Miller* (1892), 91 Mich 639, 644; *People* v. *Wolf* (1893), 95 Mich 625, 630; *People* v. *Collins* (1911), 166 Mich 4, 7. The Court in *Collins* was presented with the following instruction.

" 'And where the death is shown to have resulted from the use of a deadly weapon, in the absence of any proof to the contrary, in the absence of any testimony in relation to that, the presumption is that the death was inflicted with malice—with malice aforethought in causing the death, in the assault.' "

The Court concluded, "We are of opinion that there was no error in this part of the charge".

Finally, defendant contends that the jury verdict should be reversed as contrary to the weight of the evidence. It is clear upon a review of the trial transcript that the central issue challenged by defendant was the people's identification of him as the one who fired the lethal shot. Defendant contended it was his companion Prpich, not he, who was responsible for decedent's death.

The transcript reveals the following testimony on this issue: (a) the disinterested witness Brazier identified defendant as holding a gun during this episode; (b) as Brazier accelerated and went ahead of Prpich's car, he heard a shot and saw decedent slump forward; (c) Prpich stated that both he and defendant had guns in the car at the time of the

incident; (d) Prpich saw defendant "reach his hand out the window" and "pull the trigger"; (e) defendant admitted the weapon recovered from Prpich looked like the same type Prpich had on July 22; (f) Prpich identified the weapon as the one he had fired into the pavement at the scene; (g) a weapons expert conducted scientific experiments on Prpich's weapon and testified that the shell casing found in Brazier's car could not have been fired from Prpich's weapon; (h) defendant admitted he had told police he had thrown a gun in the river from the Belle Isle Bridge, but claimed it was a lie.

The record thus contains sufficient evidence, which, if believed by the jury, would sustain a finding of guilt beyond a reasonable doubt. *People* v. *Wilkes* (1970), 21 Mich App 169, 171; *People* v. *Patton* (1968), 15 Mich App 198, 202; *People* v. *Arither Thomas* (1967), 7 Mich App 103, 104.

We assume that it was a ministerial error of the corrections department in failing to credit defendant with 286 days spent in Wayne County Jail awaiting disposition, although such credit was awarded by the trial court.[5] We believe such credit will be given defendant upon proper disposition of this matter. We find no merit in the errors he alleges on appeal; however, since he was not represented by counsel at sentencing and no waiver of his right to be so represented is contained in the sentencing transcript, we must remand to the trial court for resentencing pursuant to *People* v. *Dye* (1967), 6 Mich App 217.

---

[5] MCLA § 769.11b (Stat Ann 1970 Cum Supp § 28.1083[2]).