PEOPLE v GRANT

Opinion of the Court

1. Criminal Law—Instructions to Jury—Conclusions of Fact.

A defendant is entitled to a charge setting forth the law with respect to various possible conclusions of fact the jury might reach.

2. Rape—Defenses—Consent—Outcry—Instructions to Jury.

The failure of a victim of an alleged rape to cry out is relevant to the issue of consent even though it is not incumbent upon the prosecution to prove that the victim made any outcry and an appropriate charge to that effect should be given when requested (MCLA 750.520).

Concurrence by O'Hara, J.

3. Rape—Defenses—Consent—Outcry—Instructions to Jury.

*It is reversible error to refuse an instruction to the effect that failure of a victim of an alleged rape to cry out is relevant to the issue of consent when such an instruction is requested and is appropriate (MCLA 750.520).*

Appeal from Wayne, Blair Moody, Jr., J. Submitted Division 1 December 11, 1972, at Detroit. (Docket No. 13418.) Decided March 28, 1973.

James W. Grant was convicted of rape. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

References for Points in Headnotes
[1] 53 Am Jur, Trial §§ 573, 579.
[2, 3] 65 Am Jur 2d, Rape §§ 7–14, 108–111.

Chief, Appellate Department, *Robert A. Reuther,* Assistant Prosecuting Attorney for the people.

*Michael C. Moran,* Assistant State Appellate Defender, for the defendant.

Before: QUINN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

V. J. BRENNAN, J. Defendant was convicted of rape (MCLA 750.520; MSA 28.788) by a jury in the Wayne County Circuit Court. Defendant now appeals and raises three issues for our consideration.

The first issue is whether the trial court erred by failing to give several charges requested by the defendant. The charges in question dealt with the effect of the alleged failure of the prosecutrix to make an outcry at the time of the alleged assault. Whether the prosecutrix in fact made no outcry, or whether it would have been to no avail, were of course questions of fact for the jury to decide. The defendant, however, is entitled to a charge setting forth the law with respect to various possible conclusions of fact the jury might reach. *People v Parsons,* 105 Mich 177 (1895); *People v Hoefle,* 276 Mich 428 (1936).

While it is, of course, not incumbent on the prosecution to prove that the victim made any outcry, the failure of the victim of an alleged rape to cry out is relevant to the issue of consent; an appropriate charge to that effect should be given when requested. In *People v Rich,* 237 Mich 481 (1927), in which our Supreme Court split 4–4, both the Justices for affirmance and for reversal agreed regarding the propriety of such a charge. The issue which divided the Court in that case was whether

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the error warranted a new trial. The four Justices for affirmance felt that a portion of the trial court's charge sufficiently covered the matter. We have examined the charge of the court in this case and find no such statement and accordingly must reverse and remand for new trial.

Defendant's remaining allegations of error are without merit.

Reversed and remanded.

Quinn, P. J., concurred.

O'Hara, J. *(concurring in result).* I concur in the result, not because an instruction as to outcry must be given as a matter of law when requested; but rather when it is *requested* and *appropriate.*

I think the record supports the contention that it would have been appropriate in this case.

*People v Rich*[1] does not, in my view, control.

[1] *People v Rich,* 237 Mich 481 (1927).