PEOPLE v RILEY

1. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHS—PROPER FOUNDATION.

A proper foundation for the admission in evidence of a photo-
graph is laid where an individual familiar with the scene
photographed testifies that the photograph accurately reflects
the scene photographed; there is no requirement that the
photographer testify.

2. CRIMINAL LAW—RAPE—EVIDENCE—PHOTOGRAPHS.

A photograph of a rape victim may be admissible in evidence,
even though the photograph was taken several days after the
alleged rape and the complainant could not state how many
days afterwards.

3. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY—
WEIGHT.

A defendant's objection to the admission of a photograph of a
rape victim, on the grounds that the bruises depicted in the
photograph were not shown to be inflicted during the alleged
rape, is better directed at the weight than the admissibility of
the evidence where the complainant testified that the photo-
graph was taken several days after the incident and that the
bruises shown in the photograph were related to the incident.

4. APPEAL AND ERROR—FAILURE TO OBJECT—MANIFEST INJUSTICE—
EVIDENCE—PHOTOGRAPHS—PREJUDICE.

A defendant's claim that admission of a photograph in evidence
was unduly prejudicial will be reviewed only to determine if
manifest injustice occurred where the defendant failed to object
to the admission at trial.

5. RAPE—EVIDENCE—PHOTOGRAPHS—WOMAN'S BRUISES—PREJUDICE—
FAIR TRIAL.

A photograph of a woman's bruised backside, admitted in evi-
dence in a rape case, is not so inflammatory and prejudicial as

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[6] 65 Am Jur 2d, Rape §§ 79, 80.
Time element as affecting admissibility of statements by victim of
sex crime as res gestae. 19 ALR2d 579.
[7] 65 Am Jur 2d, Rape §§ 38, 108–111.

to deny a defendant a fair trial where the defense is the consent of the complainant.

6. CRIMINAL LAW—EVIDENCE—RAPE—HEARSAY—RES GESTAE EXCEPTION—EXCITED UTTERANCE—SPONTANEOUS DECLARATION.

A witness's testimony that the defendant's sister ran into a neighborhood store to use the telephone and that she shouted that her brother is hurting and raping some girl is admissible evidence in a rape case under the res gestae exception to the hearsay rule; the fact that the declarant went from her home to the store after discovering that her brother was raping a woman does not prevent her statement from being an excited utterance or a spontaneous declaration.

7. RAPE—DEFENSE OF CONSENT—OUTCRY OF VICTIM—INSTRUCTIONS TO JURY.

Failure to specifically instruct the jury in a rape case on the failure of the complainant to make an outcry was not error where (1) the trial court did instruct the jury that: "The kind and degree of resistance which must be exerted and which may be reasonably expected, depends upon the physical and mental conditions of the parties, their ages, relationship, if any, and all the surrounding circumstances", and (2) a specific instruction on outcry would have unduly emphasized one aspect of the resistance the complainant needed to make.

Appeal from Wayne, Peter B. Spivak, J. Submitted January 13, 1976, at Detroit. (Docket No. 23065.) Decided February 10, 1976.

Montgomery Riley, Jr., was convicted of forcible rape and assault with intent to commit the crime of gross indecency. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Ross B. Meretsky,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Defendant was tried on a three count information alleging that the defendant had committed a forcible rape, MCLA 750.520; MSA 28.788, an assault with intent to commit the crime of gross indecency, MCLA 750.85; MSA 28.280, and an armed robbery, MCLA 750.529; MSA 28.797. Following a four day trial the jury returned verdicts of guilty on the forcible rape count and the assault with intent to commit the crime of gross indecency count. It returned a verdict of not guilty on the armed robbery count. Defendant was sentenced to concurrent prison terms of 60 to 90 years on the rape conviction and 6 to 10 years on the assault with intent to commit the crime of gross indecency conviction. He appeals as of right.

The defendant's first assignment of error on appeal concerns the introduction of a photograph of the complainant's bruised backside. The defendant first argues that the trial prosecutor failed to lay a proper foundation for the photograph's admission into evidence. This claim arises because the photograph was only identified by the complainant and admitted during her testimony. However, the complainant testified that the photograph, taken with a 60-second camera, accurately reflected the condition of her body at the time the picture was taken. Contrary to the defendant's assertions, there is no requirement that the photographer testify. All that is required for the admission of a photograph is testimony of an individual familiar with the scene photographed that it accurately reflects the scene photographed. *People v Heading,* 39 Mich App 126, 132; 197 NW2d 325 (1972), *lv den,* 389 Mich 782 (1973), *Oppenheim v Rattner,* 6 Mich App 554, 558; 149 NW2d 881 (1967), *lv den,* 397 Mich 771 (1967),

*quoting with approval* McCormick on Evidence, § 181, p 387 [(2d ed), § 214, pp 530–531]. We believe that a person is familiar with the appearance of one's own body, and therefore complainant was qualified to identify the picture in question.

The defendant also challenges the photograph's admissibility on the grounds that there was no showing that the bruises depicted in the photograph were inflicted during the alleged rape. The complainant testified that the photograph was taken several days after the incident, although she could not state how many days afterwards. However, this testimony alone does not make the photograph inadmissible. *Wallace v Kramer,* 296 Mich 680, 689; 296 NW 838 (1941). The complainant also testified that the bruises shown in the photograph were related to the incident. Therefore, such an argument is better directed at the weight that the photograph is entitled to receive rather than to its admissibility. *People v King,* 58 Mich App 390, 398–399; 228 NW2d 391 (1975).

The defendant finally claims that the photograph was unduly prejudicial. However, defendant's only objection went to the lack of a proper foundation and not to its prejudicial effect. Therefore, we will only review the defendant's claim to determine if manifest injustice occurred. *Humphries v Complete Auto Transit, Inc,* 305 Mich 188, 192; 9 NW2d 55 (1943), *Campbell v Charles J Rogers Construction Co,* 58 Mich App 411, 416; 228 NW2d 398 (1975), *People v Eroh,* 47 Mich App 669, 675; 209 NW2d 832 (1973). We are not convinced that manifest injustice occurred in this case. We do not view a photograph of a woman's bruised backside to be so inflamatory and prejudicial as to deny defendant a fair trial in a rape case where the defense is the consent of the complainant.

*People v Frank,* 31 Mich App 378, 382; 188 NW2d 95 (1971), *lv den,* 386 Mich 755 (1971). Compare *People v Falkner,* 389 Mich 682, 685–686; 209 NW2d 193 (1973), *People v Turner,* 17 Mich App 123, 129; 169 NW2d 330 (1969).

The defendant's second claim of error concerns the trial court's admission of statements allegedly made by the defendant's sister during the incident. Over objection on the grounds of hearsay, a witness was permitted to testify that the defendant's sister ran into his neighborhood store to use the telephone and said: "Montgomery is upstairs, hurting and raping some girl." While this statement was clearly hearsay it comes within the res gestae exception to the hearsay rule.[1] *People v Frank Johnson,* 58 Mich App 1, 6; 226 NW2d 730 (1975), *Rice v Jackson,* 1 Mich App 105, 110–111; 134 NW2d 366; 13 ALR3d 1104 (1965). In our minds the discovery that one's brother is raping a woman in the declarant's house is a startling occurence. The fact that the declarant went from her home to the store does not prevent the statement from being an excited utterance or spontaneous declaration. *People v Ivory Thomas,* 14 Mich App 642, 646; 165 NW2d 879 (1968). Since the declarant quickly left the area after telephoning the police and agreeing to meet them, it is apparent that she had second thoughts about getting her brother in trouble.

Defendant's next assignment of error concerns the trial court's failure to give a requested instruction concerning the failure of the complainant to make an outcry. See *People v Rich,* 237 Mich 481, 491–492; 212 NW 105 (1927), *appeal dismissed,* 275 US 500; 48 S Ct 140; 72 L Ed 394 (1927). Although

---

[1] A better term for the exception used in this case is an excited utterance or spontaneous declaration. *See* McCormick on Evidence (2d ed) §§ 297–298, pp 704–711.

the conviction in *People v Rich* was affirmed by an equally divided Supreme Court, all eight of the justices agreed that an instruction regarding outcry is proper in a rape case. *People v Rich, supra* at 492, 499, see also *People v Grant,* 45 Mich App 686, 687; 207 NW2d 198 (1973). However, the four justices for affirmance found the following language to have adequately covered the defendant's requested charge:

" *'In determining her power to resist* you must take into consideration all the facts connected with the time and place at which the act of intercourse took place; her physical powers at that time, the resistance she was able to make, her ability to summon help, in any way in her power, by screaming or otherwise. You are to consider all these things from the evidence that has been brought before you.' " *People v Rich, supra,* at 500.

After reviewing the trial court's instructions in this case as a whole, *People v Rogers,* 60 Mich App 652, 661; 233 NW2d 8 (1975), we feel that the following instruction by the court adequately instructed the jury on the issue:

"The kind and degree of resistance which must be exerted and which may be reasonably expected, depends upon the physical and mental conditions of the parties, their ages, relationship, if any, and all surrounding circumstances."

This instruction properly informed the jurors that they were to consider all the evidence in considering whether or not the complainant consented to the intercourse. In this case, a specific instruction on outcry would have unduly emphasized one aspect of the resistance the complainant needed to make. *Cf.* GCR 1963, 516.6(4).

Defendant's two remaining allegations of error

have been carefully considered by the Court but do not require extended discussion. We find that the defendant's identification of himself as Pierre Map at the time of his arrest was a voluntary statement and therefore outside of the rule of *Miranda v Arizona.*[2] *People v Leffew,* 58 Mich App 533, 536; 228 NW2d 449 (1975), *People v McKee,* 28 Mich App 610, 611; 184 NW2d 750 (1970). Since defendant failed to object to the trial court's instructions on assault with intent to commit the crime of gross indecency, we will only review the alleged error to determine if it caused manifest injustice, which we conclude it did not. GCR 1963, 516.2, *People v Larry Smith,* 31 Mich App 191, 192; 187 NW2d 490 (1971).

Affirmed.

---

[2] 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).