PEOPLE v SCHULLAR

Opinion of the Court

1. Jury—Instructions to Jury—Finding of Fact—Appeal and Error.

A jury determination on a controverted fact issue should not be disturbed by the Court of Appeals where the jury instructions, taken as a whole, were adequate.

Dissent by W. R. Peterson, J.

2. Criminal Law—Issuing Checks Without Sufficient Funds—Instructions to Jury.

A trial judge's instructions to a jury were inadequate, in a trial on a charge of issuing a check without sufficient funds, where the trial judge refused to give a defendant's requested instruction addressing the defendant's claim of an agreement between the defendant and the complaining witness whereby the complaining witness was to withhold presentation of the check.

Appeal from Livingston, Bert M. Hensick, J. Submitted March 9, 1976, at Lansing. (Docket No. 24091.) Decided November 8, 1976.

James Schullar was convicted of issuing a check without sufficient funds. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas J. Kizer, Jr.,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Thomas C. Nelson,* Assistant Attorney General, of counsel), for the people.

References for Points in Headnotes

[1] 47 Am Jur 2d, Jury § 15.
[2] 75 Am Jur 2d, Trial §§ 915, 916.

*J. David Reck,* for defendant.

Before: M. J. KELLY, P. J., and BRONSON and W. R. PETERSON, * JJ.

M. J. KELLY, P. J. Defendant James Schullar was convicted of issuing a check without sufficient funds contrary to MCLA 750.131; MSA 28.326, sentenced to serve 24 months on probation, the first 30 days of that probation in the county jail, and to make restitution to the complaining witness, and appeals. The thrust of defendant-appellant's appeal can be summarized in two questions:

(1) Did the defendant have the intent to defraud at the time of the making and delivery of the first check on the date of the transaction?

(2) Was there such an agreement at the time of the transaction which would abrogate the intent to defraud? That is, did the complaining witness, Floyd Bentley, agree to hold defendant's check for two weeks before depositing?

The check in question was dated February 11, 1972, and the amount was for $200. The vice-president of defendant's bank testified that defendant had opened a checking account the 18th of the previous month with disastrous results. The check in question was only one of many which were not honored and *at the time it was presented* defendant's account had accumulated overdrafts totaling $1,990.

It was defendant's claim that he had not issued the check with intent to defraud but that the complaining witness had agreed to hold it for a couple of weeks during which time he would have put sufficient funds in to cover. In fact defendant claimed he was never put on notice that the check

* Circuit judge, sitting on the Court of Appeals by assignment.

was not honored because his records had been destroyed by fire. Obviously the jury did not believe the defendant but chose on proper instruction to find that the defendant violated the statute in question.

The trial judge instructed in part:

"The purpose of this statute is to give some degree of dependability on checks in our everyday lives and the daily conduct of business. The false representation that the maker then has sufficient funds on deposit from which a bank will pay on presentation or credit, with intent thereby to defraud the person to whom the check is given, is wrongful conduct for which the statute provides a penalty."

The dissent says that the trial judge omitted the word "then" in its instruction on *People v Jacobson,* 248 Mich 639; 227 NW 781 (1929), but we find that the trial judge adequately instructed, taking the instructions as a whole.

The question as to an agreement to hold the check was controverted between the testimony of the defendant, the testimony of the complaining witness and by inference, the testimony of the bank vice-president.

Examination of the record and briefs discloses no prejudicial error.

Affirmed.

Bronson, J., concurred.

W. R. Peterson, J. *(dissenting).* Defendant purchased used and inoperable equipment from complainant with which to commence a business enterprise. Defendant testified that they discussed the cost of putting the equipment into operating condition and the fact that it would produce no

income until in operation; that the purchase was handled by the giving of two checks, one post-dated six months and the other bearing the date of the transaction; that he asked complainant to hold the latter check until the equipment was repaired and put in operation and that complainant agreed to hold the check for two weeks.

The equipment never got into operation. The check was presented for payment by complainant two weeks after its making, and was dishonored because of insufficient funds. Defendant was charged with and appeals from conviction of issuing the check with intent to defraud complainant in violation of MCLA 750.131; MSA 28.326.

Defendant requested an instruction, based on *People v Jacobson,* 248 Mich 639; 227 NW 781 (1929), to the effect that there could be no intent to defraud if the complainant accepted the check subject to an agreement to hold it for a period of time. The request was denied by the trial judge on the ground that no such agreement had been shown and the people argue on appeal that such an agreement was not shown by credible evidence! I have always supposed that it is for the jury to determine such facts. Indeed, this case is near to calling for a directed verdict of acquittal, complainant's initial assertion that he deposited the check the following day having crumbled into uncertainty and an ultimate admission that he did perhaps hold it two weeks. The bank records confirmed presentation two weeks after the transaction.

The question of such an agreement was the sole defense herein. The refusal to give such an instruction, timely requested, embodying the defense and supported by competent evidence was error. *People v Hoefle,* 276 Mich 428; 267 NW 644 (1936).

In *People v Jacobson, supra,* at 642–643, the Court said:

"The false representation, either express or implied, incident to the giving of a check, that the maker then has funds on deposit from which the bank will pay the check on presentation, with intent thereby to perpetrate a fraud, is the wrongful conduct for which this statute provides a penalty. It is not possible to thus perpetrate a fraud if the check is given by the maker and accepted by the payee with the latter's full knowledge that the maker does not *then* have either a deposit or credit at the bank which will result in payment of the check on presentation. Such knowledge negatives the possibility of the payee being defrauded in the manner penalized by this statute. That he may have been defrauded in some other manner will not sustain a prosecution under this statute. The defendant's promise to make a deposit on the following day with which to meet this check was no more than a promise to pay on the following day. Notwithstanding under certain circumstances promises made in bad faith as to future conduct may be the basis of a charge of fraud, such is not the offense embodied in this statute." (Emphasis added.)

The trial court here instructed the jury on the elements of the offense by using the instruction contained in 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1181, p 1576 (form 571). That instruction paraphrases *Jacobson* but omits the word "then" employed in the quotation above, and does not adequately address itself to defendant's claim of an agreement to withhold presentation of the check. The trial court further instructed the jury that there could be no intent to defraud if defendant had a reasonable expectation that the check would be paid when presented, *People v Cimini,* 33 Mich App 461; 190 NW2d 323 (1971), but this is a different question than that of

whether an implied fraudulent holding out in the issuance of the check is negated by the express terms of its issuance.

The jury herein was confused by the instructions. It returned for clarification, indicating a finding on the facts that should have resulted in defendant's acquittal, saying

"Should we decide intent at the date the check was written *or at the time the defendant asked that the check be deposited?"* (Emphasis added.)

In response, the trial judge read the statute without further explanation. The question that the jury asked was the right question. It was not answered nor had it been by the original instructions.

I would reverse.